# Wells *v.* Applegate.

10 519
12 247
6* 714

ADMINISTRATOR—ACTION AGAINST.—In an action against an administrator it is essenttal that the complaint should show that letters of administration had been granted six months before the action was brought. An allegation in a complaint against an administrator, that on the 3d day of November, 1879, an order or determination of the county court was duly made appointing J. A. administrator of the estate of C. A., deceased, is not an allegation that letters of administration were granted on that day, as required by section 373, civil code. The form, (1 Este's Pl., 312,) is not applicable in this state.

MARRIED WOMEN.—Under the constitution of this state, a contract made by a married woman is not necessarily void. But the burden is on the party setting up such a contract to show that it was entered into for an object for which she could lawfully contract.

APPEAL from Douglas County.

*Herman & Ball, Bonham & Ramsey*, for appellant.

*William R. Willis*, for respondent.

By the Court, WALDO, J.:

This is an action on a promissory note made and delivered to the respondent by the appellant's intestate. The statute of October 11, 1862, Gen. Laws, 1874, p. 188, sec. 373, provides that, "an action may be commenced against an executor or administrator at any time after the expiration of six months from the granting of letters testamentary or of administration, and until the final settlement of the estate and discharge of such executor or administrator from the trust, and not otherwise." The complaint alleges, "that on the 3d day of November, 1879, at Roseburg, Douglas county, Oregon, an order or determination of the county court for Douglas county, state of Oregon, was duly made, appointing the defendant administrator of the goods, chattels and credits of said Chas. Applegate, and that he is now such administrator." The pleader seems to have followed the form in 1 Estee's Pl., 312, without noting that the form

was not applicable under the laws of this state. There is, or was no such section in the probate act of California as that above cited. Under our statute, the complaint must show that six months had elapsed after the granting of letters of administration before the action was brought. If this essential fact is not alleged, a general demurrer that the complaint does not state facts sufficient to constitute a cause of action, will lie. (*Maine Central Institute* v. *Haskell*, 71 Maine, 487; *Ellerson* v. *Halleck*, 6 Cal., 386; *Gilbert v. Cameron*, 16 Wen., 579.) An order made on a certain day appointing a person administrator, is merely an order nominating the person to the office; such person does not thereby become an administrator. (*McKean* v. *Frost*, 46 Me., 239, 248.) The letters of administration are his commission of office, which, on their face, authorize him to act. But since he is not authorized to act until he has filed a bond, it seems to be proper construction of the statute that the bond is a condition precedent to the granting of letters. The appointee has no right to his office until he has filed his bond. It would hardly be legitimate to presume that he has letters of administration to which he is not legally entitled, and which he could not have without assuming, or having the means to assume, a false character. Section 373 clearly signifies that when letters of administration are granted, the bond has been filed, and the appointee has been fully installed in his office.

The word appointment, generally, may signify such actual installment in the administration office. It is so used in section 1080. But the complaint does not use the word in this general sense. Had it done so, it is doubtful whether such a form of allegation of the fact that letters of administration had been granted would have been good pleading. (*Beach* v. *King*, 17 Wen., 97.)

The other objections urged by the appellant are not well founded. The respondent swore that the promissory note set up in her complaint was made for a lawful consideration. Her testimony was not contradicted, although letter No. 17 seems to have been offered in evidence by the appellant with some design of that kind. But this design, if it existed, was not carried out. The letter might well have been ruled out as irrelevant, since there was no issue before the jury to which it was pertinent.

The instruction that the promissory note of a married woman was absolutely void, was not entirely correct. The rights of property secured to married women by the state constitution necessarily imply a power, under certain circumstances, to make contracts. (*Starr* v. *Hamilton,* Deady, 268; *Cooksen* v. *Toole,* 59 Ill., 515.) But when the respondent pleaded her coverture, the appellant should have set up matter, if any such there was, in avoidance of the plea. The burden was on the appellant to show an adequate consideration for the note set up by him in his counter claim. (*West* v. *Laraway,* 28 Mich., 464; *Nash* v. *Mitchell,* 71 N. Y., 199; *Broome* v. *Taylor,* 76 N. Y., 564; *Way* v. *Peck,* 47 Conn., 23.) He could not, in the absence of such proof of the validity of the note, make out that the instruction was error. However, since the case must go back, with liberty to the respondent to amend her pleadings, the appellant will have an opportunity, if the case comes to a second trial, to show, if the facts are with him, that the note is supported by a valid consideration.

Judgment reversed. LORD, J., concurs.