# Hicky *v.* Stallworth, Admr.

## *Statutory Action of Ejectment.*

1. *Executors and administrators; administrators de bonis non; can-not be appointed after final settlement of an estate.*—After an

[Hicky v. Stallworth, Admr.]

estate has been adjudged finally settled, and the administrator thereof has been discharged by order of the court, letters of administration *de bonis non* cannot be issued upon the said estate, while such final settlement remains unrevoked and in force; the matter being *res adjudicata*.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of ejectment originally brought by R. M. Sands, as administrator *de bonis non* of the estate of Thomas Gretopull, deceased, against the appellant, Mary Antonio Hickey, to recover a certain lot or parcel of land in the City of Mobile, which is specifically described in the complaint. While the suit was pending, R. M. Sands died, and it was revived in the name of N. E. Stallworth, as administrator *de bonis non* of the estate of Thomas Gretopull, deceased.

On the trial of the case, it was shown that R. M. Sands was appointed administrator *de bonis non* of the estate of Thomas Gretopull, deceased, after the final settlement of said estate in the probate court by Eliza Hickey, who was formerly the wife of the said Thomas Gretopull. The facts in reference to the settlement of the administrator of said estate are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in his behalf, to the giving of which charge the defendant duly excepted. There were verdict and judgment in favor of the plaintiff. The defendant appealed, and assigned as error the several rulings of the trial court to which exceptions were reserved.

ERVIN & MCALEER and JOHN R. TOMPKINS, for appellee, cited.—*Sands v. Hickey*, 135 Ala. 322.

GREGORY L. & H. T. SMITH, for appellant.—An administrator *de bonis non* cannot be appointed except upon the happening of the contingencies prescribed by the statutes, viz.; where the sole executor, or all of the executors or administrators, "Die, resign, or are removed," and there are "Goods and chattels, rights, etc., unadministered."—Code, section 111.

[Hicky v. Stallworth, Admr.]

The decree of the probate judge upon the final settlement expressly discharged the administratrix and her husband from further accounting as such, and this operated to discharge them from office.—*Ligon v. Ligon,* 84 Ala. 556; *Dorgan v. Daughdrill,* 51 Ala. 312.

From this time forward *there was no administrator,* and none could therefore die, resign or be removed.

The death of Eliza thereafter was no more the death of an administrator than it would have been had she resigned her administration, instead of settling the estate in 1875, and thereafter dying. Had she resigned and then died, an administrator *de bonis non* could have been appointed, because of her resignation, *but not because of her death.* She did not resign, nor was she the administrator of the estate at the time of her death, and, therefore, the contingencies provided for by the statute did not occur, and the appointment of an administrator *de bonis non* was therefore unauthorized.

In the case of *Henley v. Johnson,* 134 Ala. 650, there had been a final settlement of the estate, and the administrator had been discharged, but it was not shown whether he had previously resigned or been removed, and the Court recognizes that under the statute (Code section 111) an administrator *de bonis non* could not have been appointed unless the administrator in chief had resigned, or been removed before he made his final settlement. In other words, it recognizes that, had the administrator made his final settlement and been discharged without having previously resigned his office, the appointment of an administrator *de bonis non* would have been a nullity, for the Court there holds that, in order to sustain the appointment of an administrator *de bonis non,* it will presume from the silence of the record upon the subject that the administrator in chief had resigned, or been removed, before he made his final settlement and obtained his discharge thereon.

SIMPSON, J.—This was an action of ejectment by appellee against appellant, and the question is raised in the outset, by appellant, that the appointment of appellee's predecessor and himself, as administrator *de bonis non* of the estate of Thomas Gretopull, was void, and

that consequently said plaintiff (appellee) could not maintain this action.

It appears, from the testimony set out in the bill of exceptions, that said decedent died in 1872, and in May, 1873, his widow, Eliza Gretopull, was appointed administratrix of his estate. She married one Hickey, and, in December, 1875, they filed a petition, accompanied by an account for final settlement, stating that all of the debts of the estate had been paid and praying "That there may be a final settlement of said estate; that the accounts of said administration be audited and allowed, and that they may be relieved and discharged therefrom."

The matter proceeded regularly, and on the 2nd Monday in December, 1875, a decree was rendered in "The matter of the final settlement of said estate," reciting the notices, etc., ascertaining the amounts of receipts and disbursements, and winding up, "It is further ordered that said Eliza and Thomas J. Hickey, be and they are hereby discharged from further accounting in this court in the matters of said administration."

The point is made that section 111, of the Code of Alabama, authorizes the appointment of an administrator *de bonis non* only where the preceding administrator has *died*, *resigned*, or been *removed*, and that, while Eliza Hickey is now dead, yet she had previously made full settlement of the estate and been discharged.

This point does not seem to have been before this Court when this case was under consideration before, nor do all of the proceedings in the probate court seem to have been before it, and the Court, while stating that it is necessary that a vacancy should exist before an administrator *de bonis non* could be appointed, states that "The second grant can be held invalid only when there is such evidence affirmatively showing that no such vacancy existed," and goes on to state that "If she (Eliza Gretopull) continued to be administratrix, after her final settlement in 1875, and up to the time of her death * * * * her administration terminated at her death." —*Sands, Admr. v. Hickey et al.*, 135 Ala. 322.

The entire proceedings in the probate court, which appear in the record as it is now before the Court, show

[Hicky v. Stallworth, Admr.]

that said administratrix did not resign, nor die (while she was administratrix), nor was she removed, but she made application distinctly to wind up the estate, on the ground that it had been fully administered, and prayed to be discharged, and the court passes the account as a final settlement and decrees the discharge of the administratrix. The certificate of the probate judge shows that the exhibit contains all the proceedings in relation to said estate, and she does not appear in it again, and, in fact, after being discharged she could not act any more.

So that the question is clearly presented whether or not, after an estate has been finally wound up and the administrator discharged, the probate court can open the estate again by appointing an administrator *de bonis non?*

The State of Indiana, has a statute substantially like ours, (the words in it being "Die, resign or remove from the state,") and the Supreme Court of that state has decided that "After an estate has been adjudged finally settled, and the administrator thereof discharged, letters of administration *de bonis non* cannot issue upon the same estate, while such final settlement remains unrevoked and in force, the matter being *res adjudicata.*"— *Pate v. Moore,* 79 Ind. 20; *Vestal v. Allen,* 94 Ind. 268; *Crexton v. Reuner,* 103 Ind. 223.

In our own State this particular point has never been decided. The probate court is a court of general jurisdiction in the matters committed to it, and in the absence of proof it will be presumed that the jurisdictional facts existed, yet its jurisdiction is confined to the matters committed to it by statutes, and, if it affirmatively appear that the jurisdictional facts did not exist, its decrees will be declared void, even collaterally.

It has been decided by this Court that the fact that there is a vacancy is a jurisdictional fact, and that the appointment of an administrator *de bonis non,* when there is no vacancy, is absolutely void, and will be so declared even in a collateral proceeding.—*Allen v. Kellum,* 69 Ala. 442; *Mathews v. Douthit,* 27 Ala. 273; *Gray v. Cruise,* 36 Ala. 559; *Morgan v. Casey,* 73 Ala. 222.

In the later case of *Henley v. Johnson,* 134 Ala. 646,

[Hicky v. Stallworth, Admr.]

the appointment of the administrator *de bonis non* is sustained because "It is not shown by the averments of this petition or otherwise whether the petitioner as former administrator had been discharged by an order from his office as administrator," and if he had it might be presumed that he had resigned and then made the settlement:—p. 650.

In the case now before the Court, no such presumption can be indulged, because the entire record from the probate court is in evidence duly certified, and shows clearly that it was simply a final winding up of the estate and a discharge of the administratrix.

We follow the Indiana cases because they seem to be based on sound reasoning, and also consonant with the policy of our laws. It is the evident purpose of our statutes that there shall be a time beyond which the affairs of an estate must be considered settled, and the property rights of those in interest shall be at rest. Claims are to be presented within a certain time, or forever barred; parties are allowed a certain time within which to correct any errors in settlements in the probate court, after which they cannot be disturbed. While the estate is in process of administration, the heirs hold the lands of the estate subject to the right of the administrator to subject them to the payment of debts; when the estate is finally settled and the administrator discharged, the title is vested absolutely in the heir, and it is not to be presumed that it is the intention of the law (especially when not within its letter), that these titles are to be disturbed and the property made liable for costs by successive administrations, when the debts are all paid and there is no reason why it is necessary to administer.

If any peculiar case does occur, not provided for by statute, resort should be had to another tribunal, where the equities of all the parties can be preserved.

It follows that the plaintiff was not entitled to recover in this case.

The judgment of the court is reversed, and a judgment will be here rendered in favor of the appellant.

Reversed and rendered.

McClellan, C. J., Tyson and Anderson, J.J., concurring.