Argued February 10, affirmed April 18, 1922.

## BROWN *v.* DRAKE ET AL.

(205 Pac. 1002.)

**Descent and Distribution—Heirs not Suable, Where Claims not Presented Against Estate.**

1. In view of Sections 1238, 1239, Or. L., relating to presentation of claims against estates of decedents, where an action was begun prior to testator's death and after his decease no claim was presented during the administration of his estate by plaintiff, after such final settlement, plaintiff's claim was barred, and heirs of decedent could not be substituted as parties defendant.

From Klamath: D. V. KUYKENDALL, Judge.

Department 1.

There is but one question presented by this appeal and it arises out of the following circumstances: On June 14, 1918, plaintiff brought an action against Thomas Drake, and on May 27, 1919, while the case was pending, Drake died, leaving a will devising his property, which consisted wholly of real estate, to Ruth and Ella Drake. On June 17, 1919, Ella Drake was appointed executrix of the will and on February 20, 1920, filed her final account and was discharged as such executrix. The estate was settled and the real property turned over to the legatees, Ruth and Ella Drake. Plaintiff did not file any claim against the estate on account of the matters set forth in his complaint, nor was any notice taken of the pendency of his action against Thomas Drake until April 3, 1920, when he filed a motion accompanied by affidavits showing substantially the facts above set forth and asking an order substituting Ruth and Ella Drake as defendants in the action against Thomas Drake, and that the ac-

1. Laches or neglect of creditors in enforcing claim against estate of deceased as precluding enforcement against heirs or devisees, see note in **Ann. Cas. 1917C, 95.**

tion be continued against them.  The court made an order denying the motion, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Seneca Fouts, Mr. W. C. Van Emon* and *Mr. Augustin Donovan,* with an oral argument by *Mr. Fouts.*

For respondents there was a brief over the names of *Mr. W. A. Wiest, Mr. W. Lair Thompson* and *Mr. C. F: Stone,* with an oral argument by *Mr. Wiest.*

McBRIDE, J.—1. While there is involved in this appeal a single proposition, the question is far from easy of solution.

Section 38, Or. L. (Olson's Comp.), is as follows:

"No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue.  In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest."

Standing alone, this section would seem to authorize a revival and continuance of a case the progress of which had been suspended by death, irrespective of any other circumstance, but it is only fair to consider it in connection with other statutes passed to secure orderly procedure in the administration of the estates of decedents.

Section 1238 of the Code provides in substance that the executor shall give notice of his appointment and "shall require all persons having claims against the estate to present them with proper vouchers within

six months from the date of such notice,'' etc.   Section 1239 provides, among other things, that:

''A claim not presented within six months after the first publication of the notice is not barred, but it cannot be paid until the claims presented within that period have been satisfied; and if the claim be not then due, or if it be contingent, it shall nevertheless be presented as any other claim.   Until the administration has been completed, a· claim against the estate not barred by the statute of limitations may be presented, allowed, and paid out of any assets then in the hands of the executor or administrator not otherwise appropriated or liable.''

Construing these statutes together, we are of the opinion that before plaintiff could have substitution in this action, it was his duty to show that his claim had been presented to the executrix within the time prescribed by statute and before the final settlement of the estate.   After such final settlement a claim not presented is barred.

The authorities seem to hold, however, that if the motion to continue is made within the time allowed by statute and before final settlement, the application to continue or revive the case is in itself a sufficient presentation to comply with the statute: 18 Cyc. 453, and cases there cited.   The view that a revivor against the executor is a sufficient presentation was taken in this state in the case of *The Home* v. *Selling,* 91 Or. 428 (179 Pac. 261).   In that instance May and his guardian were sued and pending the litigation May died, whereupon and within the six months allowed for the presentation of claims, application was made to substitute his executors as defendants, which was allowed.   This court held that under such conditions no presentation of the claim was necessary.

103 Or.—39

The circumstances in that case, however, were far different from those existing here, wherein the party presented no claim against the estate to the executrix, but waited until after the probate proceedings were closed and the executrix had been discharged, before asking to have his action at law revived as against the devisees. Such a proceeding would present several incongruities. Plaintiff's cause of action was personal and for breach of a contract to furnish services. The heirs owed him no services and had broken no contract. When Drake died, plaintiff had no claim against Ruth or Ella Drake, but did have a claim against Drake's estate to the extent that it could be applied to pay his claim. What judgment can he take in his law action, if revived, against Ruth and Ella Drake? The marshaling of assets to pay claims is a matter of purely equitable cognizance. In a law action a plaintiff, if he recovers, takes a judgment *in personam* against the defendant, not against a fund or specific property. He does not come into court in a proceeding *quasi in rem,* asking that certain designated real property be sold and the proceeds applied upon his claim; his remedy at law is by judgment and execution generally against the defendant, so that in case an heir should receive real estate of the value of $100 and a judgment should be recovered against him for $1,000, "the last state of that man would be worse than the first." It is to avoid such incongruous consequences that the law has required claims against an estate to be presented within six months, or at least before final settlement.

In our judgment, the plaintiff had one of two courses open to him. He could before final settlement have presented his claim to the executrix, and, if allowed, could have had the property of the estate

subjected to it, or if disallowed, he could at any time within one year after the death of the testator have had his action revived against the executrix; or he could at any time before the closing of the estate and within one year after the death of Drake have applied to the court for leave to have the action continued against the executrix, as was done in *The Home* v. *Selling, supra.* Failing to do either of these, he waived his legal remedy. Whether he has any such standing as would justify him in bringing a proceeding in equity to subject the land devised to Ruth and Ella Drake to the payment of his claim, is not before us. So far as the record shows, he presented no amended complaint to the trial court in this proceeding.

The case before us is baldly this: Plaintiff had a purely legal claim against the estate. He did not present it to the executrix for allowance and did not ask to have his action revived (which would have been equivalent to an allowance) while the estate was being probated, and so far as any action at law in his original case is concerned, he is barred. Section 38 of the Code, permitting a revivor of actions, is only part of a comprehensive scheme of procedure, and before a litigant can invoke its aid he must bring himself within the other requirements of the statute.

The order of the Circuit Court is affirmed.

AFFIRMED.

HARRIS, RAND and McCOURT, JJ., concur.