Argued June 11; affirmed July 14; rehearing denied
September 10, 1936

## In re TRAAEN'S ESTATE

(59 P. (2d) 406)

O. G. *Larson,* of Portland, for appellant.

F. P. *Keenan,* of Portland (S. J. Graham, of Portland, on the brief), for respondent.

CAMPBELL, C. J. On March 21, 1932, Thomas Traaen died intestate in Multnomah county, Oregon. On May 13, 1932, Carrie Traaen, his widow, filed her petition for appointment as administratrix of the estate of said decedent. In her petition she alleged the jurisdictional facts and that the estate consisted of personal property of the value not to exceed $500. On the same day the probate court made an order appointing her as such administratrix, fixing her bond at $1,000 which was approved by the court on May 19, 1932. On May 13, 1932, three appraisers were appointed

who appraised the property at the value of $750. The administratrix thereupon duly published notice to creditors. She later petitioned the court for an order to sell said personal property, and on May 26, 1932, the court made an order authorizing the sale of said personal property in accordance with the petition.

On December 1, 1932, the administratrix filed her final account showing that she had paid the funeral expenses and the expenses of administration out of her personal funds, that no claims had been filed against the said estate, and asked that a time be fixed to hear and determine said final account. The court thereupon made an order fixing January 3, 1933, for the hearing and determining of any objections to said final account and the settlement thereof. Thereupon plaintiff duly gave notice of the time and place of the hearing of said final account. No objections having been filed to said final account, the court, on January 6, 1933, made the final order approving the final account, closing the estate and discharging the administratrix.

On December 23, 1935, Clara Borge filed a petition asking for the appointment of an administrator *de bonis non.* In her petition she alleged the death of Thomas Traaen, and the appointment of the administratrix, Carrie Traaen; also the final order closing the estate. She further alleges that she is a creditor of the said estate and that said administratrix failed to file an inventory and appraisement showing any property belonging to said estate from which the claim of Clara Borge could have been paid. She also alleges that there is property belonging to said estate and that said administratrix fraudulently failed to list it in said inventory and appraisement. She further alleges that

said Thomas Traaen, during his lifetime, fraudulently transferred certain property without consideration to one Oscar Borge and that said Borge fraudulently transferred said property to Carrie Traaen, the former administratrix; that thereafter the said property was transferred to one O'Keefe for the consideration of 24,000 bushels of potatoes, and that after the administration of the estate had been closed said Carrie Traaen realized on said contract $3,000 which in truth and in fact belongs to the estate of said Thomas Traaen; that said petitioner failed to file any claim against the said estate because in her opinion there was no property which could be applied on the payment of said claim.

On the same day an order was made appointing J. LeRoy Smith administrator *de bonis non* who thereupon immediately qualified. And on the same day said Clara Borge presented her claim to the administrator *de bonis non* who allowed the same. And also on the same day, the administrator *de bonis non*, without order of court, filed in the circuit court for Multnomah county against said Carrie Traaen to recover the sum of $3,000.

On January 10, 1936, the said Carrie Traaen filed her petition in the probate court asking that said J. LeRoy Smith be discharged as such administrator *de bonis non*, alleging that said estate had been closed and that no claims had been filed therein.

On February 3, 1936, the administrator *de bonis non* filed a petition in the probate court asking permission to file an amended complaint in his suit against Carrie Traaen in the circuit court. The court made such order allowing him to file an amended complaint.

On February 6, 1936, the administrator *de bonis non* filed his answer to the petition of Carrie Traaen. On February 11, 1936, the matter came on for hearing before the probate judge, and after such hearing the court made an order vacating the order appointing the administrator *de bonis non*. From that order the administrator *de bonis non* has appealed.

The question presented is: Did the court err in vacating the order appointing the administrator *de bonis non*?

The answer to that question depends upon the following proposition: May one who has a claim against an estate, and who after due notice that the estate was being administered upon and failed to present such claim for allowance until after the estate had been closed, and the administrator discharged, have an administrator *de bonis non* appointed?

In the instant case, the appellant knew that the estate was in the process of administration. Due notice to creditors and due notice of the final account was published according to law. She does not claim that she was ignorant of the facts set up in her petition asking for the appointment of an administrator *de bonis non*. She waited for almost three years after the estate was closed before she took any action in the matter.

The law provides the manner of presentment of such claims as follows:

"Before the expiration of the six months mentioned in the last section, a copy of the notice as published, with the proper proof of publication shall be filed with the clerk. A claim not presented within six months after the first publication of the notice is not barred, but it cannot be paid until the claims presented within

that period have been satisfied; and if the claim be not then due, or if it be contingent, it shall nevertheless be presented as any other claim. Until the administration has been completed, a claim against the estate not barred by the statute of limitation may be presented, allowed, and paid out of any assets then in the hands of the executor or administrator not otherwise appropriated or liable." Oregon Code 1930, § 11-502.

In *Brown v. Drake,* 103 Or. 607 (205 P. 1002, 210 P. 710), the plaintiff brought an action against one Thomas Drake, who, while the case was still pending, died testate devising all his property to the defendants. Ella Drake, one of the devisees, was appointed executrix of the will, and thereafter filed her final account and was discharged. Plaintiff filed no claim against the estate, nor was any notice taken of the pendency of the action against Thomas Drake until after the final account had been filed and approved and the executrix discharged. Plaintiff then filed a motion asking that the defendants (the devisees) be substituted as defendants in the action against Thomas Drake, and the action continued against them.

This court, speaking through Mr. Justice McBride, held that the above-quoted statute was controlling of the matter, the order of substitution could not be made, and that "the law has required claims against an estate to be presented within six months, or at least before final settlement".

In *Hicky v. Stallworth,* 143 Ala. 535 (39 So. 267, 111 Am. St. 57, 5 Ann. Cas. 496), under the Alabama statute authorizing the appointment of an administrator *de bonis non* where the preceding administrator has died, resigned or been removed, the court held that where the estate has been finally settled, the administrator discharged, and the entire matter wound

up, the probate court had no authority to appoint an administrator *de bonis non* while the order of final settlement remains unrevoked, the matter being *res judicata.*

That case followed the principles announced in *Pate v. Moore,* 79 Ind. 20; *Vestal v. Allen,* 94 Ind. 268; and *Croxton v. Renner,* 103 Ind. 223 (2 N. E. 601). The Indiana cases depend on a statute of Indiana (Acts of 1881, Chap. 45, § 18) which in effect was the same as the Alabama statute (Code of Alabama, 1896, § 111). Both statutes provide for the appointment of an administrator *de bonis non* when the administrator shall "die, resign or remove from the state" [Indiana] or "die, resign or are removed" [Alabama]. In Oregon, the statute authorizing the appointment of an administrator *de bonis non* is § 11-221, Oregon Code 1930, as amended by chapter 235, Oregon Laws 1931. That statute provides that if the "administrator shall die, resign, or be removed" an administrator *de bonis non* may be appointed. We do not find that *Hickey v. Stallworth,* supra, has ever been overruled.

Our statute provides to whom letters of administration shall be granted.

"Administration shall be granted and letters thereof issued as follows:

1. To the widow, widower or next of kin in the discretion of the court.

2. To one or more of the principal creditors having claims against said estate which accrued prior to the death of said deceased.

\*    \*    \*    \*    \*

4. To any other person competent and qualified whom the court may select." Oregon Code 1930, § 11-208.

"The persons named in the subdivisions of the last section, if qualified and competent for the trust, shall be entitled to the administration in the order therein named. * * *" Oregon Code 1930, § 11-209.

In the instant case, the widow applied for and was granted letters of administration, gave due notice of such appointment, administered upon the estate, filed her final account and was discharged. An administrator *de bonis non* may be appointed when the administrator "shall die, resign, or be removed * * *." § 11-221, supra. In the instant case, the administratrix did not die, she did not resign, nor was she removed, so the court had no authority to appoint an administrator *de bonis non*.

In the petition filed by Clara Borge to have the administrator *de bonis non* appointed, it is alleged that Carrie Traaen, the former administratrix, "* * * on January 6, 1933, * * * procured an order of this court [probate] discharging herself as administratrix, exonerating her bond and closing this estate, * * *". And "That the petitioner did not file her claim with the said Carrie Traaen while the said Carrie Traaen was administratrix of the estate of Thomas Traaen, deceased, for the reason that the said Carrie Traaen had failed to file an inventory showing any assets in the estate from which her claim could be made."

The petition thus affirmatively shows that the claim of Clara Borge was not presented before the estate was finally settled and was never presented until an administrator *de bonis non* was appointed on her petition, almost three years after the estate had been closed. The record presented to this court shows that an inventory and appraisement were filed by the ad-

ministratrix and that said inventory and appraisement listed property of the value of $750 belonging to the estate. Nothing was done by the administratrix to prevent Clara Borge from having filed her claim. If she had a legal claim, she would have been entitled to her share, *pro rata* of the value of the personal property shown in the inventory.

Section 11-502, supra, has been construed in *Brown v. Drake,* supra, as to require all claims to be presented before the final settlement of the estate, and if not so presented they become forever barred. It will thus be seen that Clara Borge, at the time of her filing the petition for the appointment of an administrator *de bonis non,* was not a creditor, or at least not a person with such an interest in the estate so as to have the legal capacity to urge the appointment of an administrator *de bonis non.*

"We follow the Indiana cases because they seem to be based on sound reasoning, and also consonant with the policy of our laws. It is the evident purpose of our statutes that there shall be a time beyond which the affairs of an estate must be considered settled, and the property rights of those in interest shall be at rest. Claims are to be presented within a certain time, or forever barred; parties are allowed a certain time within which to correct any errors in settlements in the probate court, after which they cannot be disturbed. While the estate is in process of administration, the heirs hold the lands of the estate subject to the right of the administrator to subject them to the payment of debts; when the estate is finally settled and the administrator discharged, the title is vested absolutely in the heir, and it is not to be presumed that it is the intention of the law (especially when not within its letter), that these titles are to be disturbed and the property made liable for costs by successive admin-

istrations, when the debts are all paid and there is no reason why it is necessary to administer." *Hicky v. Stallworth*, supra.

The above principles were followed in *Brown v. Drake*, supra.

The judgment of the circuit court should be, and it hereby is, affirmed.

KELLY and BELT, JJ., not sitting.