Argued November 12, 1937; affirmed February 8; rehearing denied
March 8, 1938

# BORGE *v.* TRAAEN
## (75 P. (2d) 939, 76 P. (2d) 1127)

Department 2.

J. *LeRoy Smith*, of Portland, for appellant.

*F. P. Keenan*, of Portland (S. J. Graham, of Portland, on the brief), for respondent.

BAILEY, J. This suit was instituted by plaintiff, Clara Borge, against the defendant, Carrie Traaen, to impress a trust upon proceeds obtained by the defendant from the sale of real property in North Dakota, alleged to have been fraudulently conveyed by Thomas Traaen, formerly the husband of the defendant and now deceased. The defendant's demurrer to the complaint was sustained, and upon the failure of the plaintiff to plead further a decree was entered dismissing the suit, from which decree this appeal is prosecuted.

The complaint alleges that on December 17, 1925, Thomas Traaen made, executed and delivered to the plaintiff his promissory note in the sum of $1,200, payable on or before one year after date, with interest at the rate of 8 per cent per annum; and that no part of the principal or interest has been paid except the interest to December 17, 1930.

On March 21, 1932, Thomas Traaen died intestate in Portland, Oregon, and thereafter the defendant, his widow, was appointed administratrix of his estate. She filed an inventory and appraisal in said estate, showing property valued at $750. Thereafter the final account was filed by said administratrix, which was approved by the court, and she was dismissed as such administratrix and the estate closed. No claim on said note against said estate was filed by the plaintiff.

It is alleged in the complaint that on or about November 12, 1930, the said Thomas Traaen and his wife, the defendant herein, in order to hinder, delay and defraud the creditors of said Thomas Traaen, conveyed to one Oscar Borge 320 acres of farm land in North Dakota belonging to Thomas Traaen; that the said Oscar Borge and his wife on the same day conveyed the said tract of land to the defendant herein, who did not file their deed of record until March 14, 1935; that on or about April 1, 1931, the said Thomas Traaen and the defendant, Carrie Traaen, as a part of their said scheme to hinder, delay and defraud the creditors of Thomas Traaen, induced the said Oscar Borge and his wife to enter into a contract to sell said 320 acres of land to C. J. O'Keefe, who agreed to give as consideration for said real property 24,000 bushels of No. 1 commercial potatoes; that after said contract was entered into Oscar Borge and his wife assigned all their interest therein to the defendant,

Carrie Traaen; and that the said O'Keefe acted in good faith and did not know of the said intention of Thomas Traaen and his wife in conveying the said property to Oscar Borge, or that a deed had been executed and delivered by Oscar Borge and his wife to this defendant.

It is further alleged that on or about February 26, 1935, after the probate of the estate of Thomas Traaen had been completed, the defendant conveyed said real property to the said C. J. O'Keefe and released him from his contract to deliver potatoes, receiving as consideration therefor $3,000 over and above the incumbrances on said real property. The complaint also alleges that after the death of Thomas Traaen the defendant "for the purpose of deceiving this plaintiff, ward off investigation by her, and to consummate the fraudulent scheme aforesaid, . . . repeatedly represented to plaintiff that the land in North Dakota was worth little if any more than the incumbrances against it, and promised to pay plaintiff's said note if and when she should realize on said land; that said representations were false and defendant made such representations knowing them to be false and with the intent to deceive the plaintiff, and defendant made such promises with intent to deceive plaintiff and without any intention on her part of keeping them".

The prayer of the complaint is that "a trust be impressed upon the proceeds of the property so fraudulently conveyed and concealed; and that the defendant be required to account therefor"; and that plaintiff have judgment against the defendant for the amount of the principal of the note with unpaid interest, and attorneys' fees. It concludes with a request for general relief.

This proceeding is in the nature of a creditors' bill to reach the assets of an insolvent, alleged to have been fraudulently placed beyond the reach of legal process. The complaint, however, fails to allege that there were any claims filed with the administratrix and not paid. It does allege that the decedent and the defendant were obligated on a note in the sum of $3,352, on which there had been paid $280, and that this note was secured by a mortgage on real property belonging to the defendant, which indebtedness was paid and the mortgage satisfied out of money received by the defendant as beneficiary of insurance on the life of Thomas Traaen.

The complaint does not disclose that there are any unpaid judgments against the decedent or that any claims have been established against his estate. The alleged indebtedness which is the basis of this suit has never been reduced to judgment or any claim therefor presented to the administratrix. In *Williams v. Commercial National Bank*, 49 Or. 492, 507 (90 P. 1012, 91 P. 443, 11 L. R. A. (N. S.) 857), this court stated:

"This equitable lien is not available to the creditor until he has disclosed that the debtor is insolvent; and, further, one of the first requisites in maintaining a creditors' bill is that the creditor has established his claim or debt by judgment at law: 12 Cyc. 9. This court has frequently held that the debt can not be litigated in equity, but before the creditor can maintain such suit he must reduce his claim to judgment at law: Fleischner v. Bank of McMinnville, 36 Or. 553 (54 P. 884, 60 P. 603, 61 P. 345). This was not a debt for which the defendant company was primarily liable, nor may the plaintiffs look primarily to this lien. This right is upon a liability dependent upon whether the defendant bank is without property available to plaintiffs."

In *Union Credit Assn. v. Corson*, 77 Or. 361, 366 (149 P. 318), it was said:

"The injunction suit begun before judgment was obtained and the appointment of a receiver under it was a void proceeding so far as fixing an equitable lien on the land was concerned. It was an attempt to bring a creditor's bill without first obtaining a judgment at law, and this, under all the authorities, can not be done: Smith, Equitable Remedies of Creditors, section 27, and cases there cited."

See also 12 R. C. L. 626, section 134.

■ When the assets of a decedent's estate are insufficient to satisfy the funeral expenses, costs of administration and claims against the estate of the deceased, and the decedent in his lifetime has made or suffered any conveyance, transfer or sale of any of his property with intent to hinder, delay or defraud creditors, it is made the duty of the executor or administrator, by section 11-633, Oregon Code 1930, to make application by petition to the probate judge "to commence and prosecute to final judgment or decree the necessary and proper actions, suits or proceedings to have such conveyance, transfer or sale . . . declared void". Section 11-634, Oregon Code 1930, provides that when it is made to appear to the court that the assets are insufficient for the purposes above mentioned and it is probable that the conveyance or transfer was made with intent to defraud creditors, the court is required to make an order directing proper proceedings to be commenced and prosecuted to final judgment or decree. Such proceedings must be brought and adjudication had "in a court of ordinary jurisdiction", and not in the probate court: *Hillman v. Young*, 64 Or. 73 (127 P. 793, 129 P. 124). That remedy was

available for the satisfaction of plaintiff's claim against the estate, if her claim had been presented and allowed.

The facts alleged in the complaint in the case at bar are almost identical with those alleged in the former case of *In re Traaen's Estate,* 154 Or. 263 (59 P. (2d) 406), which case is referred to in the present complaint. In that earlier case the plaintiff herein attempted to have appointed an administrator *de bonis non* of the estate of Thomas Traaen, deceased, alleging that additional property belonging to that estate had been discovered after the regular administratrix had been discharged and the estate closed. It was there held by this court that inasmuch as Clara Borge had not presented her claim to the administratrix until after the estate was finally settled and the administratrix discharged, any claim which she might originally have had was barred; that she was no longer a creditor of the estate; and that she was not entitled upon the discovery of additional property belonging to the estate to have an administrator *de bonis non* appointed for the purpose of administering upon such additional property.

■■ According to the allegations of the complaint, the farm land in North Dakota was not owned by Thomas Traaen at the time of his death. Neither it nor the contract for its sale was property which should have been listed or inventoried as a part of his estate. No fraud, therefore, was committed by the administratrix in omitting to list or inventory that land or the value of the contract for its sale. If Thomas Traaen was insolvent at the time he conveyed the property and if he so conveyed or transferred it in order to hinder, delay or defraud his creditors, the plaintiff could have brought proceedings against him during his lifetime, to have such conveyance declared void in-so-far as

her claim against him was concerned. Even though she had not brought such proceedings against him, she still, upon the approval of her claim by the administratrix or by the court, could have caused proper proceedings to be instituted by the administratrix under sections 11-633 and 11-634, *supra*. And if the administratrix had been a party to such conveyance she could have been removed and another administrator appointed. Since the plaintiff did not follow either procedure, she is not now, after her claim against the estate is barred by her failure to file it, in a position to maintain this suit.

The excuse given by the plaintiff, in the earlier case of *In re Traaen's Estate,* supra, and again in this suit, for not presenting her claim to the probate court, was that the inventory showed that the assets of the estate were only $750, and the fraud complained of is the failure of the administratrix to list among the assets of the estate the property owned by her which was fraudulently conveyed by Thomas Traaen.

Numerous authorities are cited by the appellant to the effect that an heir of the decedent may, when the administrator or executor has fraudulently concealed property which rightfully belongs to the heir, bring a suit in equity against such administrator or executor after the estate of the decedent has been closed. To the same effect, cases may be cited involving the failure of a guardian to account for property belonging to his ward. That such decisions are not here in point is too obvious to require discussion.

Although there is an intimation in the complaint that the defendant promised to pay the note of the decedent, nevertheless no point is made by appellant in her brief that she is relying on any such promise as a basis of recovery on the note in this suit against the defend-

ant. The sole ground on which she seeks to recover is the alleged fraud in the transfer of real property by the decedent.

We find no error, and the decree appealed from is affirmed.

BEAN, C. J., and RAND and LUSK, JJ., concur.

---

Petition for rehearing denied March 8, 1938

ON PETITION FOR REHEARING
(76 P. (2d) 1127)

BAILEY, J. The appellant, Clara Borge, in her petition for rehearing asserts that the allegations of her complaint are sufficient to sustain an action against the defendant for recovery of the amount of the note given to plaintiff by the decedent in his lifetime. The theory of the plaintiff is that the defendant orally promised to pay the plaintiff the amount of the said note if the plaintiff would forbear doing something relative to the note, concerning which the complaint is not entirely definite. We have read and re-read the complaint many times but have failed to find therein any allegation that the defendant promised to pay the note held by plaintiff if the plaintiff would not file her claim against the estate of defendant's deceased husband, or if she would forbear doing any other act regarding said note.

██ There is contained in the complaint an allegation that, "for the purpose of deceiving this plaintiff, ward off investigation by her, and to consummate the fraudulent scheme aforesaid, defendant repeatedly represented to plaintiff that the land in North Dakota was worth little if any more than the incumbrances against it, and promised to pay plaintiff's said note if and when she should realize on said land." It is further alleged

that said representations were made by the defendant with knowledge of their falsity and for the purpose of having plaintiff rely upon them. There is no allegation, however, anywhere in the complaint, to the effect that the defendant promised to pay the note in consideration of plaintiff's forbearing or promising to forbear doing any certain act.

The promise on the part of defendant that she would pay plaintiff's note "if and when she [the defendant] should realize on said land" is without consideration and unenforceable. Although the complaint does not disclose whether the alleged agreement was oral or in writing, it is admitted by the appellant that it was oral and that it was at most only an agreement to answer for the debt or default of another. Hence it was void under subdivision 2 of § 9-909, Oregon Code 1930. See, also, *Masters v. Bidler,* 101 Or. 322 (198 P. 912, 199 P. 920). This feature of the case was not discussed in our former opinion for the reason, as therein pointed out, that it was not urged by the appellant in her brief.

■ In the petition for rehearing it is said that in our former opinion we stated that the decedent was indebted on a note in the sum of $3,352 (the correct amount being $3,532), secured by a mortgage on real property belonging to the defendant and that this mortgage had been satisfied out of money received by the defendant as beneficiary of insurance on the life of the decedent; and it is asserted that this is incorrect, in that according to the allegations of the complaint this mortgage was released in consideration of the transfer to the mortgagee of certain personal property valued at $750 belonging to, and listed by the administratrix as assets of, the estate. In re-reading the complaint it is possible to give to it the meaning contended for by the plaintiff, al-

though we are then at a loss to understand why reference is made in the complaint to the $8,500 received by the defendant as beneficiary of certain policies of insurance on the life of the decedent, and how it was possible to satisfy this mortgage with personal property of so small a value as mentioned. Although the construction placed on the complaint by the plaintiff may be correct, namely, that this property was used for such purpose, it is inconsistent with the later allegation of the complaint that the defendant was discharged as administratrix without paying any debts of the decedent's estate or claims against it. Moreover, there is no allegation in the complaint that "the alleged $750 of assets had been transferred by the defendant in settlement of her own claims, before the time to file claims had expired", as now asserted by the appellant. Regardless of how the mortgage was satisfied, whether by transfer of personal property or with money derived from life insurance policies, the result reached in our former opinion would not be affected, inasmuch as the manner in which the incumbrance was alleged to have been discharged had no bearing on that result.

■ The case of *Froebrich v. Lane,* 45 Or. 13 (76 P. 351, 106 Am. St. Rep. 634), is cited and relied upon by the appellant in her petition, as authority for the right to maintain this suit. The plaintiffs in that case were heirs of the decedent and they brought a suit against Lane both personally and as administrator to have set aside an order and decree of the county court for Marion county settling and allowing the final account of the administrator. The basis of the suit was that the defendant had procured by fraud and misrepresentation the approval of his final account by the county court and that he had in his possession assets of the estate which rightfully belonged to the

plaintiffs. It was there held that a court of equity had jurisdiction of the subject matter.

In the instant case the plaintiff by her failure to file a claim with the administratrix of decedent's estate did not acquire the status of a creditor of that estate and, as observed in our former opinion, she is not in a position to maintain a suit to have the defendant declared trustee of certain property, or the proceeds thereof, which the decedent is alleged to have transferred or conveyed to the defendant during his lifetime, to hinder, delay and defraud his creditors.

The other matters mentioned in the petition were discussed in the former opinion and have again been given consideration. We find no reason for enlarging on what was heretofore said concerning such matters. The petition for rehearing is therefore denied.

BEAN, C. J., and RAND and LUSK, JJ., concur.