Argued May 24; affirmed July 6, 1949

# HUGHES, Trustee *v.* HONEYMAN, Executrix
## 208 P. 2d 355

*Elton Watkins,* of Portland, argued the cause and filed a brief for appellant.

*Ralph A. Coan,* of Portland, argued the cause for respondent. On the brief were Coan & Rosenberg, of Portland.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY and HAY, Justices.

HAY, J.

Plaintiff is the trustee in bankruptcy of Honeyman Hardware Company, a corporation. On July 24, 1942, as such trustee, he instituted this action against David T. Honeyman, seeking judgment in the sum of $109,-857.42, with interest, upon an account stated. Mr. Honeyman was personally served with summons, and, on September 15, 1942, he filed his answer. On July 24, 1943, plaintiff filed an amended complaint, seeking judgment in the aggregate sum of $190,007.12, with interest, on two separate accounts stated, plus $82,-478.37, with interest, upon an account for goods, wares

and merchandise. On September 27, 1943, Mr. Honeyman answered the amended complaint, and, on January 11, 1946, he filed an amended answer. The amended answer pleaded payment in respect of each of the three causes of action and interposed six separate counterclaims, five of which, aggregating $31,620.03, were upon accounts stated, and one, in the sum of $214.49, upon personal services rendered.

On July 26, 1946, David T. Honeyman died testate, and, on August 8, 1946, Nanny Wood Honeyman was duly appointed executrix of his last will and testament. On October 28, 1946, on motion of plaintiff, the circuit court entered an order requiring the said Nanny Wood Honeyman, as executrix aforesaid, to appear on November 18, 1946, and show cause why she should not be substituted for David T. Honeyman, deceased, as defendant herein, and, by direction of the court, a copy of such order and a summons thereon were served upon the said Nanny Wood Honeyman by the sheriff of Multnomah County on October 28, 1946.

On November 18, 1946, no appearance having been made by said executrix, the court duly entered an order of substitution in accordance with said order to show cause.

On August 14, 1947, the executrix appeared, by attorney, and moved that the cause be removed from the trial docket, and to strike from the title of the cause her name as executrix of the estate of David T. Honeyman, deceased, on the ground, *inter alia,* that no substitution had been made. On August 21, 1947, this motion was denied. Thereafter, plaintiff served and filed his reply to the amended answer to the amended complaint.

On September 8, 1947, the cause was tried by the court, sitting without a jury. The defendant, although notified, was not present, either in person or by attorney. On September 24, 1947, the trial judge entered his findings of fact and conclusions of law, and, based thereon, entered judgment in favor of plaintiff and against defendant executrix in the aggregate sum of $272,485.49. From such judgment, the defendant executrix has appealed to this court.

■ Relying upon section 8-911, O. C. L. A., the executrix contends that the proceedings against her herein were taken prematurely, in that no action may be commenced against an executor or administrator until after six months have elapsed from the granting of letters testamentary or of administration. *Wells v. Applegate,* 10 Or. 519, 520. There is a distinction, however, between the continuation, against the personal representative of a deceased person, of an action previously instituted against the decedent in his lifetime, in which action the court had jurisdiction of the person of the defendant by personal service of summons upon him within the territorial jurisdiction of the court, and the commencement of a new action against the personal representative as such. Here, summons was served upon Mr. Honeyman personally, and he had answered, denying liability and asserting a substantial counterclaim.

Section 1-311, O. C. L. A., provides:

"No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the

action to be continued by or against his personal representatives or successors in interest.''

The cause of action against Mr. Honeyman survived against his personal representative. Section 8-902, O. C. L. A. The continuance of the action against her was not, in any sense, the commencement of an action.

■ The executrix argues that plaintiff was without authority to bring an action against her upon his claim until after such claim had been presented to her and had been rejected. In support of this argument, she cites the following cases: *Morgan's Estate,* 46 Or. 233, 77 P. 608, 78 P. 1029; *Bramwell v. Heseltine,* 122 Or. 519, 259 P. 1063; *Phillips v. Elliott,* 144 Or. 694, 17 P. 2d 1119, 25 P. 557; *Schaefer v. Sellar,* 156 Or. 16, 64 P. 2d 1334; *Elliott v. Mosgrove,* 162 Or. 507, 91 P. 2d 852, 93 P. 2d 1070. The complete answer to the argument, of course, is that the action was not brought against the executrix, but against the decedent. None of the cited cases involved an action which, having been begun against a person in his lifetime, was continued, after his death, against his personal representative. On the contrary, each of the cases had to do with an action on a claim against the estate of a deceased person, which action was instituted directly against the executor or administrator.

■ Ordinarily, all claims of a pecuniary nature against a decedent's estate must be presented to the exexutor or administrator within six months from the date of the first publication of notice to creditors. Sections 19-701, 19-702, O. C. L. A. But it has been held by this court that a motion to continue, against the personal representative of a deceased person, a cause pending against such person at the time of his death, if made within the time limited by law for the presen-

tation of claims against the decedent's estate, is in itself a sufficient presentation of the claim to the executor or administrator to comply with the statute. *The Home v. Selling,* 91 Or. 428, 438, 179 P. 261, 21 A. L. R. 403; *Brown v. Drake,* 103 Or. 607, 609, 205 P. 1002. See 34 C. J. S., Executors and Administrators, section 396 and note 70; 24 C. J., Executors and Administrators, section 940 and note 61.

> "The authorities seem to hold, however, that if the motion to continue is made within the time allowed by statute and before final settlement, the application to continue or revive the case is in itself a sufficient presentation to comply with the statute: 18 Cyc. 453, and cases there cited. The view that a revivor against the executor is a sufficient presentation was taken in this state in the case of The Home v. Selling, 91 Or. 428, 179 P. 261. In that instance May and his guardian were sued and pending the litigation May died, whereupon and within the six months allowed for the presentation of claims, application was made to substitute his executors as defendants, which was allowed. This court held that under such conditions no presentation of the claim was necessary."
>
> *Brown v. Drake,* supra (103 Or. 607, 609, 205 P. 1002.)

█ It is suggested that the proceedings so far taken in the litigation have had no legal effect whatever upon the executrix. Before she can be affected, she says, "somewhere along the line, the pleadings should show the connection between the original defendant and that one who succeeds him." This connection, she thinks, can be shown only by the filing of a supplemental complaint. Such contention overlooks the fact that the connection between the original defendant and his personal representative was shown in the affidavit

filed by plaintiff in support of his motion for an order
to show cause, above referred to. Such affidavit stated
that David T. Honeyman died July 26, 1946, and that
Nanny Wood Honeyman was duly and regularly ap-
pointed executrix of the estate of said decedent by
order dated August 8, 1946.

■ In bringing in new parties, the general rule is that
supplemental pleadings must be filed showing the pro-
posed new party's connection with the cause. 47 C. J.,
Parties, section 263; *White v. Johnson,* 27 Or. 282, 292,
40 P. 511. A new or additional summons, with a copy
of the supplemental pleading, should be served upon
the new party. 47 C. J., Parties, 264; *White v. John-
son,* supra.

■ The purpose of a supplemental pleading is dis-
cussed in *May Stores, Inc. v. Bishop,* 131 Or. 670, 672,
282 P. 1080, as follows:

"* * * The purpose of the supplemental plead-
ing is to bring into the record new facts, which will
enlarge or change the kind of relief to which the
plaintiff is entitled, and hence any supplemental
facts which further develop the original right of
action, or extend or vary the relief, are available
by way of supplemental complaint, even though
they of themselves constitute a right of action: 21
Enc. of Pl. and Pr. 18 and Phillips on Code Plead-
ing, § 317. * * *."

But, in the case at bar, no new facts which would have
tended to enlarge or change the kind of relief to which
the plaintiff claimed to be entitled had occurred sub-
sequent to the filing of the amended complaint. The
executrix was accorded an opportunity to have been
heard upon the propriety of making the order of con-
tinuance against her. She did not see fit to avail her-
self of such opportunity. Under those circumstances,

the order of substitution was sufficient, and there was no necessity for the filing of a supplemental complaint. *White v. Ladd,* 34 Or. 422, 426, 56 P. 515. The issues, after the substitution, remained the same as they had been before, and the executrix should have taken up the defense of the action at the point where her decedent, the original party, left it. *Warren v. Robison,* 25 Utah 205, 70 P. 989, 993; *Fish v. Smith,* 73 Conn. 377, 47 A. 711, 714; *Crary v. Kurtz,* 132 Iowa 105, 105 N. W. 590, 592; 39 Am. Jur., Parties, section 101, text and notes 20, 21.

The executrix places some reliance upon the case of *Service v. Sumpter Valley Ry. Co.,* 88 Or. 554, 171 P. 202, in which case the plaintiffs sought to be substituted for a corporation as plaintiff. The grounds upon which they sought to be substituted were that the corporation had been dissolved more than five years before the entry of the judgment; that they were the stockholders of such corporation; that all of the debts of the corporation had been paid; and that they, as stockholders, had become tenants in common of the residuum of the corporate assets. The application for substitution was made without notice to the defendant, and it was held that such notice was necessary, and that an amended complaint should have been filed, tendering issues upon plaintiffs' right to substitution and to recover upon the defunct corporation's cause of action, upon which issues the defendant was entitled to its day in court. In distinguishing that case from the case at bar, it should be sufficient to point out that the procedure followed here is specifically provided for by statute (section 1-311, O. C. L. A.), which permits substitution of a personal representative, upon motion, in case of the death, marriage, or other disability of a party, whereas the statute makes

no provision for substitution, by motion, of altogether new parties, whose right to be substituted depends upon facts which occurred subsequent to the filing of the complaint, which was the situation in the *Service* case.

*Brown v. Drake,* supra (103 Or. 607, 205 P. 1002), is cited, which, it is suggested, presents a situation analogous to that in the case at bar. The two cases, however, are easily distinguishable. On June 14, 1918, Brown commenced an action against Drake for recovery of money, and, on May 27, 1919, while the case was still pending, Drake died, leaving a will by which he devised his property, which consisted wholly of real estate, to Ruth and Ella Drake. Ella Drake was appointed executrix. Plaintiff failed to file any claim against the estate or to take any action to have the executrix substituted for Drake as defendant in the pending action. On April 3, 1920, after the estate had been closed and the executrix discharged, Brown filed a motion in the cause, asking for an order substituting Ruth and Ella Drake as defendants, and that the action be continued against them. The motion was denied and, on appeal, this court sustained the action of the lower court in the premises. We quote from the opinion, as follows:

> "In our judgment, the plaintiff had one of two courses open to him. He could before final settlement have presented his claim to the executrix, and, if allowed, could have had the property of the estate subjected to it, or if disallowed, he could at any time within one year after the death of the testator have had his action revived against the executrix; or he could at any time before the closing of the estate and within one year after the death of Drake have applied to the court for leave to have the action continued against the executrix,

as was done in *The Home v. Selling, supra*. Failing to do either of these, he waived his legal remedy. Whether he has any such standing as would justify him in bringing a proceeding in equity to subject the land devised to Ruth and Ella Drake to the payment of his claim, is not before us. So far as the record shows, he presented no amended complaint to the trial court in this proceeding."

As, in the instant case, plaintiff duly applied to the court to have the action continued against Honeyman's executrix, *Brown v. Drake* is authority for plaintiff rather than for defendant.

The idea is put forward that the court's comment in *Brown v. Drake,* supra, that Brown presented no amended complaint to the trial court, implied that the court was of the opinion that he ought to have done so, but we think that it is obvious from the matter quoted above either that the comment had reference to the question of whether or not Brown might have resorted to equity for relief, or that it was completely irrelevant.

■ It is contended that the amended complaint failed to state a cause of action against the executrix. This contention, however, is based solely upon the argument that a supplemental complaint should have been filed. As this is something that does not appear on the face of the complaint, it would not appear to be a good ground of general demurrer. In any event, we have already rejected the argument that a supplemental complaint should have been filed.

■ Finally, it is maintained that the action was never revived, in that no substitution of the executrix was ever made. The short answer to this is, first, that it was not necessary to revive the action, as, under the statute, the death of David T. Honeyman did not abate

it, and, second, the executrix was properly substituted for David T. Honeyman as a party defendant and the action was continued as against her.

■ Having ignored the court's order to show cause and the summons, the defendant executrix is in no position to assert in good faith that she did not have due notice of plaintiff's claim and of the pendency of the action. She had her day in court and ample opportunity to be heard, and the court had jurisdiction to enter the order of substitution, to continue the case against her as executrix, and to proceed to trial.

■ The executrix objects to the form of the judgment. It is in the form usual in money judgments, and, in addition, declares itself "to be a valid claim against the estate of David T. Honeyman, deceased, to all intents and purposes as if said claim had been allowed by Nanny Wood Honeyman, Executrix of the Estate of David T. Honeyman, deceased". It goes on to say that "said claim is entitled to be satisfied in the due course of administration of said estate". In our opinion, the judgment conforms to the statute in such cases. Section 19-705, O. C. L. A.

We find no error in the record. The judgment is affirmed.