Argued June 3, affirmed September 10, 1969

# WRIGHT et al, *Respondents, v.* BAUMANN, *Appellant.*

458 P2d 674

*E. L. Kincaid,* Eugene, argued the cause and filed a brief for appellant.

No appearance for respondent.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE, and HOLMAN, Justices.

GOODWIN, J.

The administratrix of a decedent's estate appeals a judgment for damages for breach of a contract entered into by her decedent, the original defendant in the action. The sole question is whether the right to maintain this action had been extinguished by the failure of the plaintiffs within one year of the death of the decedent to substitute the administratrix as a party defendant pursuant to ORS 13.080.

The statute reads:

> ORS 13.080 "No action or suit shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survives or continues. In case of the death or disability of a party, the court may, at any time within one year thereafter, on motion, allow the action or suit to be continued by or against his personal representatives or successors in interest."

The procedural history of the litigation is as follows:

The original action proceeded to judgment against the defendant during his lifetime. After the circuit court entered judgment, he appealed. While the appeal was pending in this court, the defendant died. The defendant's death was never called to the attention of this court. We reversed the judgment and remanded the action for a new trial. *Wright v. Baumann,* 239 Or 410, 398 P2d 119 (1965).

On receipt of our mandate, the trial court vacated the judgment and reset the action for trial. Before the case could be tried again, the first anniversary of the death of the original defendant came and went, apparently unnoticed by counsel on either side.

Shortly before the case was called for trial, counsel for the plaintiffs moved for an order substituting Gladys Baumann, administratrix of the estate of the defendant, for the deceased defendant, and moved for permission to file an amended complaint effecting the requested substitution. Counsel for the two parties entered into a written stipulation agreeing to the substitution. The trial court thereupon ordered substitution and granted permission to file the amended complaint. In due course, the amended complaint was filed against the present defendant. Both the substitution and the amended complaint were accomplished well within one year from this court's disposition of the original appeal in this case, but more than one year after the decedent's death.

The case proceeded to trial and once again resulted in judgment for the plaintiffs. In a motion against the second adverse judgment, the administratrix for the first time in the circuit court objected to the jurisdiction of the court. Her motion to vacate the new judgment for want of jurisdiction was overruled. She has challenged that ruling in this appeal.

It is the position of the administratrix that ORS 13.080 creates a one-year statute of limitation, that the one-year period is jurisdictional, and that it cannot be waived. She argues that the expiration of the year after the defendant's death without a substitution having been accomplished automatically extinguished all rights against the estate.

■ The plaintiffs contended in the trial court, successfully, that the one-year period had no application after judgment, and that in any event the statute did not create a jurisdictional bar. The plaintiffs also argued that the one-year provision could be waived, and was waived. We will first consider the effect of ORS 13.080 when the death of a party occurs after judgment.

Of the many decisions of this court which have considered ORS 13.080, only two have dealt with the situation in which a judgment was entered prior to the death or disability of a party. In *Long v. Thompson*, 34 Or 359, 55 P 978 (1899), the statute was held to have no application to a situation in which the litigation had proceeded to judgment during the lifetime of the defendant. This holding has never been overruled.

In *Service v. Sumpter Valley Ry. Co.*, 88 Or 554, 171 P 202 (1918), this court did not consider *Long v. Thompson* to be controlling in a situation in which the expiration of the winding-up period granted to dissolved corporations occurred while an appeal was pending. The court eventually held that the one-year period applied after judgment, but that a pending appeal tolled the one-year period until the appellate court had disposed of the appeal. However, assuming, without deciding, that the *Service* case correctly stated the rule, it still does not support the defendant in the case at bar, because in this case substitution was effected in the circuit court well within one year of the disposition of the first appeal.

■ The disability of either party after judgment but pending appeal is logically and equitably irrelevant to the adversary's right to enforce a judgment that is affirmed. See *Long v. Thompson*, supra. Simi-

larly, on reversal and remand for a new trial, where a cause of action survives, the interested parties ought to be able to carry the litigation to conclusion. The only requirement of fair procedure is that the party desiring the substitution make a reasonable effort to have the legal successor of the deceased party brought into the case. Such a procedure must give an opposing party an opportunity to contest the substitution and to introduce supplemental evidence that might be material to the relief sought. *Hughes, Trustee v. Honeyman, Executrix*, 186 Or 616, 623, 208 P2d 355, 358-359 (1949).

It is clear in the case at bar that the plaintiffs' right to damages against the defendant survived the defendant's death. If the judgment had been affirmed, the present defendant would have had no choice but to pay it. After it was reversed, the present defendant had ample opportunity to contest her substitution. She has not suggested that any of her substantial rights have been prejudiced in any manner by the substitution.

As noted, the plaintiffs in this case brought about the substitution within a reasonable time after the disposition of the original appeal. It is unnecessary to re-examine in this case the implication of *Service v. Sumpter Valley Ry. Co.*, supra, that the expiration of one year from the date of the mandate upon appeal might have created additional problems for these litigants. It is also unnecessary to consider the question of waiver, because the substitution was timely.

Affirmed.