## MALAGAMBA *v.* McLEAN.*

(173 Pac. 1175.)

(See, also, 161 Pac. 560; 173 Pac. 1177.)

**Execution—Interest of Heirs.**

1. The share of an heir in real property is subject to execution upon a judgment against the heir, even prior to final distribution of the estate.

**Executors and Administrators—Interest in Realty.**

2. In the absence of a showing that there is some necessity for his interference, for some purpose of administration recognized by statute, an administrator has nothing to do with the real estate, and it is the absolute property of the heir.

[As to actions by heirs to recover possession of property before distribution in probate, see note in 23 Am. **Dec.** 200.]

**Injunction—Existence of Other Remedy.**

3. The creditor of an heir was not entitled to mandatory injunction, requiring application of the heir's share in the estate to his debt, in the absence of allegation that the sale of the share in the estate would not be ample to satisfy the execution on his judgment.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

This is a creditor's suit in which the complaint alleges that plaintiff and defendant, Arch McLean, were

*On general equitable jurisdiction against judgment where there is a remedy at law, see note in 32 **L. R. A.** 326.          REPORTER.

formerly partners conducting a shoe store in Astoria; that plaintiff began a suit for an accounting and dissolution of the partnership, in which he prevailed, obtaining a decree, *inter alia,* for sums of money amounting in all, to about $3,000. The pleading continues as follows:

## "IV.

"That thereafter, to-wit: on the 25th day of September, 1916 plaintiff D. Malagamba caused to be issued by the Clerk of the Circuit Court of Clatsop County, a writ of execution in said cause, and on said judgment and decree in his favor, which said writ of execution was thereafter, to-wit:—on the —— day of September, 1916, levied by the Sheriff of Clatsop County upon lot 18, Block 4 of Flavel Center, according to the duly recorded map and plat thereof, all in Clatsop County, State of Oregon. That the value of said real property of defendant Arch McLean, so levied upon as aforesaid, does not exceed the sum of $25.00 that defendant Irena C. McLean's said judgment is a prior lien thereon, and that the proceeds which will be realized upon a judicial sale thereof will be wholly and entirely insufficient to satisfy plaintiff's said judgment and decree in full. That defendant Arch McLean has no other property, personal or real, subject or reachable to or by a writ of execution, and that said judgment and decree in favor of said plaintiff remains, for the foregoing reasons, wholly and entirely unsatisfied.

## "V.

"That heretofore, to-wit:—on or about May 24th, 1894, George McLean, father of defendant Arch McLean, died intestate and that thereafter, to-wit:—on or about June 26th, 1894, defendant Elizabeth McLean, as his surviving widow, upon her written application, was duly appointed by the County Court of the State of Oregon, for the County of Clatsop, as the administratrix of the estate of George McLean, deceased, thereafter duly qualified, and ever since has been and now is the duly appointed, qualified and act-

ing administratrix of the estate of George McLean, deceased. That said George McLean, deceased, left an estate consisting of personal property and real property in the County of Clatsop, and that at the time of his death, the said George McLean was the owner in fee simple of the following real property situated in the County of Clatsop, and State of Oregon, and more particularly described as follows, to-wit:

"Lot 8, Block 64, Lot 2 Block 73 and Lot 1 Block 146, all in the town of Astoria, as laid out by John McClure and as extended by Cyrus Olney. That said George McLean left surviving him, as heirs at law, Duncan A. McLean, a son, Robert W. McLean, a son, defendant Arch McLean, a son, Sarah Ann McLean, a daughter, Elizabeth McLean, a daughter, and defendant Elizabeth McLean, his widow, and that defendant Arch McLean, ever since the death of said George McLean, his father, has been and now is entitled to an undivided one-fifth interest in the aforedescribed real property as his share of the estate of said George McLean, deceased, subject only to the costs and charges of administration of said estate. That there is no report on file in said estate of George McLean, deceased, and no report was filed, by defendant Elizabeth McLean as such administratrix of said estate of George McLean, deceased, showing how much of the personal property of said deceased was reduced to money, and how much of the outstanding money of said George McLean, deceased, was collected, or what claims were filed against said estate, or what amount of money was disbursed for claims, expenses or charges of administration, and that said estate of said George McLean, deceased, has never been administered upon, and has not been closed, and defendant Elizabeth McLean has not been discharged as administratrix of the estate of George McLean, deceased, neither has defendant Arch McLean's share to the one-tenth part in the personal property, or to the one-fifth part of the real property of said George McLean, deceased, been distributed or set aside to him, and that for the foregoing reasons, defendant Arch McLean's interest as heir at law of George McLean, deceased, to a one-tenth interest in the personal prop-

erty of said deceased, and to a one-fifth interest in the
real property of said deceased, after deduction of the
costs and charges of administration and claims against
said deceased, are not reachable by a writ of execution.

## "VI.

"That after said George McLean had so died intestate as aforesaid, Elizabeth McLean, one of the daughters and heirs at law, and who was likewise as such heir at law of said George McLean, deceased, entitled to a one-tenth interest in the personal property and to a one-fifth interest in the aforedescribed real property of said George McLean, deceased, after deduction of charges and expenses of administration, and claims against said deceased, at a time unknown to this plaintiff, but before January 1st, 1913, died intestate, and, as plaintiff is informed, unmarried and without leaving any lineal heirs or descendants. That the estate of said Elizabeth McLean, has never been administered upon, as this plaintiff is informed, and that defendant Arch McLean, as her brother and one of her heirs at law, inherited of said Elizabeth McLean, deceased, one-fifth part of all her right, title, interest and claim as heir at law to the estate of George McLean, deceased, the said Elizabeth McLean having died leaving surviving her, her brother Duncan McLean, Robert W. McLean, Arch McLean, her sister Sarah Ann McLean, and her mother Elizabeth McLean. That the interest and property inherited by defendant Arch McLean from his sister Elizabeth McLean, deceased, has never been distributed or set aside to him, and is therefore not reachable by execution.

## "VII.

"That defendant Arch McLean, as plaintiff is informed and verily believes, is the owner and holder of life insurance policies, or other policies of insurance, or interest therein, the exact amount of which is unknown to this plaintiff, and which are not reachable by execution, and that defendant Arch McLean is the owner and holder of other valuable rights,

equities, claims and outstanding accounts, interests and other choses in action, the exact nature of which is to this plaintiff unknown at the present time, and which are not reachable by writ of execution, and which defendant Arch McLean refuses to apply toward payment of plaintiff's said judgment and decree against him.

"That defendant Arch McLean is wholly insolvent and has no property, real or personal, subject or reachable by writ of execution upon plaintiff's said judgment and decree, and that unless defendant Arch McLean is by this Honorable Court enjoined and restrained from selling, trading, exchanging, bartering, quit-claiming, giving away and encumbrancing, mortgaging, relinquishing or otherwise disposing of his said interest as heir at law in and to the estate of said George McLean, deceased, and in and to the estate of said Elizabeth McLean, deceased, and unless defendant Elizabeth McLean, as administratrix of the estate of George McLean, deceased, is by this Honorable Court enjoined and restrained from distributing and setting aside to defendant Arch McLean, his said interest as heir at law in and to the estate of said George McLean, deceased, plaintiff will suffer irreparable loss and damage and will be prevented from collecting his said judgment and decree against defendant Arch McLean. That plaintiff has no plain, speedy or adequate remedy at law, or at all, in the premises."

The prayer is for temporary restraining orders and a mandatory injunction compelling Arch McLean to apply his interests as heir of the two estates to the payment of plaintiff's judgment.

The trial court sustained a demurrer to the complaint, and plaintiff declining to plead over, a decree was entered dismissing the suit and plaintiff appeals.

AFFIRMED.

For appellant there was a brief submitted by *Mr. J. J. Barrett.*

For respondents there was a brief submitted over the name of *Messrs. George C. & A. C. Fulton*.

BENSON, J.—1-3. This suit is based upon the theory that the real property of an estate is not subject to execution upon a judgment against the heir, until after final distribution of the estate; but such a conclusion is clearly erroneous.    In the case of *Clark* v. *Bundy*, 29 Or. 190 (44 Pac. 282), Mr. Justice WOLVERTON presents an interesting discussion of the relation of the administrator to the real property of a decedent, from which it appears that in the absence of a showing that there is some necessity for his interference, for some purpose of administration. recognized by statute, he has nothing to do with it, and it is the absolute property of the heir.    In the case at bar there is no hint of any condition of affairs in the estate of George McLean, deceased, which would justify the administratrix in exercising any control over the real property, and so far as the record discloses, the lien of plaintiff's judgment attached to Arch McLean's interest in the land at the time when it was docketed.    He might at any time thereafter have had an execution levied thereon, and there is nothing in the complaint to show that its sale would not be ample to satisfy the decree.

"A cardinal rule of equity jurisprudence particularly applicable to this class of cases is that a court of equity will not aid a complainant where there is an adequate remedy at law": 12 Cyc. 5; *Dawson* v. *Sims*, 14 Or. 561 (13 Pac. 506).

The plaintiff has not made a showing that his legal remedy is inadequate, and the demurrer was properly sustained.    The decree of the lower court is affirmed.

AFFIRMED.