Argued October 7, reversed December 16, 1976

# THE ESTATE OF J. FRANK HENDRICKSON, DECEASED, BY DOUGLAS M. FELLOWS, PERSONAL REPRESENTATIVE, *Respondent,*
## *v.*
# WARBURTON, *Appellant.*
## (No. 21944, SC 24479)
### 557 P2d 224

*George Van Natta,* St. Helens, argued the cause for appellant. With him on the brief were Van Natta & Petersen, St. Helens.

*Douglas M. Fellows,* of Hedrick, Fellows, McCarthy

& Zikes, P.C., Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and McAllister, O'Connell and Tongue, Justices.

TONGUE, J.

**TONGUE, J.**

This is a suit by the personal representative of a decedent's estate to set aside a deed executed by the decedent. Defendant demurred to the complaint and that demurrer was overruled. The case was then tried and a decree entered in favor of plaintiff.

In appealing, defendant contends that it was error to overrule her demurrer because the personal representative of a decedent's estate has no power to set aside a deed executed by the decedent unless the estate is insolvent and the property is needed to pay creditors, as provided by ORS 114.435, and that these facts do not appear from the allegations of plaintiff's complaint.[1]

Plaintiff responds with the contention that the deed sought to be set aside was void because the decedent was incompetent and that in such cases title to the property was in the decedent at the time of his death and the personal representative of his estate had power to bring such a suit under ORS 114.215, 114.225 and 114.305(19), without regard to whether the estate is insolvent and the property is needed to pay creditors.[2]

Plaintiff's complaint alleged that he is the personal

---

[1] ORS 114.435 provides:

"The property liable for the payment of expenses of administration, funeral expenses, claims and taxes shall include property transferred by the decedent with intent to defraud his creditors or transferred by any means which is in law void or voidable as against his creditors. The right to recover that property so far as necessary for the payment of those expenses, claims and taxes is in the personal representative, who shall take necessary steps to recover it. That property constitutes general assets for the payment of creditors."

[2] ORS 114.215 provides:

"(1) Upon the death of a decedent, title to his property vests:

"(a) In the absence of testamentary disposition, in his heirs, subject to support of spouse and children, rights of creditors, administration and sale by the personal representative; * * *."

ORS 114.225 provides:

"A personal representative has a right to and shall take possession

representative of decedent's estate; that defendant was decedent's niece and had a fiduciary relationship with him; that defendant had a deed purporting to convey to her the real property in dispute; and that at the time the deed was executed decedent was incompetent. In separate counts plaintiff alleged, in the alternative, that decedent was the subject of undue influence by defendant; that he "did not intend that defendant should acquire ownership thereof," and, as a final count, that decedent was a recipient of public welfare and that the deed would "prevent, hinder and delay the State of Oregon Division of Public Welfare from recovering on its claim against the estate."

Under the terms of the 1969 Probate Code, as under previous Oregon statutes, title to the real property of a decedent vests upon his death in his heirs, in the absence of a will, subject to the support of his spouse and children and the "rights of creditors, administration and sale by the personal representative." ORS 114.215(1).

In the early case of *King v. Boyd*, 4 Or 326 (1873), this court recognized that because at common law an executor or administrator had no authority over the real property of a decedent, any such authority is limited to his "rights and powers as enacted and defined by statute." This court then held as follows (at 330-31):

"And we think it would be an unwise and unwar-

and control of the estate of the decedent, but he is not required to take possession of or be accountable for property in the possession of an heir or devisee unless in his opinion possession by the personal representative is reasonably required for purposes of administration."
ORS 114.305 provides:

"Except as restricted or otherwise provided by the will or by court order, a personal representative, acting reasonably for the benefit of interested persons, is authorized to:
"* * * * *

"(19) Prosecute or defend actions, claims or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties.
"* * * * *."

ranted construction of the authority of executors or administrators to infer from any language found in the statute on that subject that they might, upon their own motion, institute suits to set aside conveyances, or remove clouds from titles to real estate, without any showing as a condition precedent, that the possession of the same was wrongfully withheld, or that there was any necessity for selling the same, or any part thereof, to satisfy claims against the estate.

"The *rule,* as declared by our Practice Act, and conclusively sustained by reason, is that all actions or suits shall be prosecuted in the name of the real party in interest. There can be no question about the wisdom of this rule, and it should be strictly adhered to in all cases which do not come within the exceptions to it, as declared by statute.

"No one is better qualified to litigate the title to real estate than the person who owns it. An administrator who has no direct interest in the result of a suit, who personally loses nothing if the suit be injudiciously instituted and adversely determined, is not as safe a person to entrust with the right to litigate as he who is the owner of the property which is the subject of litigation and the one who must suffer if the determination of the cause be adverse to him. A due regard for the rights of both heirs and creditors of estates, we think, demands that the limitations of our statute, on the authority of executors and administrators, to institute suits, affecting the title to real estate, should be carefully guarded so that estates may not be subject to be consumed by the costs and expenses of ill-advised lawsuits." (Emphasis theirs)

To the same effect, *see Clark v. Bundy,* 29 Or 190, 194-99, 44 P 282 (1896). *See also Humphreys v. Taylor,* 5 Or 260, 262 (1874); *Hillman v. Young,* 64 Or 73, 81, 127 P 793, 129 P 124 (1913); 2 Jaureguy and Love, Oregon Probate Law and Practice 18-19, § 555 (1958); and Administering Oregon Estates, Oregon State Bar Continuing Legal Education § 23.58(e) (1970). *Cf. Malagamba v. McLean,* 89 Or 307, 312, 173 P 1175

(1918); and *Borge v. Traaen,* 158 Or 454, 459, 75 P2d 939, 76 P2d 1127 (1938).[3]

■ Plaintiff cites no court decisions or other authorities to the contrary, but relies solely upon provisions of the 1969 Oregon Probate Code as stated in ORS 114.215, 114.225 and 114.305(19).[4] Our examination of the legislative history of the 1969 Probate Code leads us to the conclusion, however, that the legislature did not intend by the adoption of those provisions to confer upon the personal representatives of decedents' estates the powers claimed by this plaintiff but that, to the contrary, the drafters of that code intentionally omitted provisions of the then-proposed Uniform Probate Code which would have conferred such powers upon the personal representatives of decedents' estates.

The 1969 Oregon Probate Code was prepared by the Advisory Committee on Probate Law Revision of the Oregon Law Improvement Committee. The preliminary draft of that proposed code, dated August 1968, with "Advisory Committee Comments," contains no discussion of this problem under §§ 115, 116 or 127, the proposed provisions which were adopted as ORS 114.215, 114.225 and 114.305. Those "Comments" make frequent reference to the "Uniform Probate

[3]The rule as stated in *King v. Boyd,* 4 Or 326, 330-31 (1873), is also in accord with the rule as generally recognized and as stated in 31 Am Jur 2d, Executors and Administrators 296, §§ 722, 723 (1967), as follows:

"Ordinarily, the right to sue for the cancellation of a deed or other instrument of conveyance of land survives to and is enforceable by the heirs of the decedent, and in the absence of a statute conferring upon the personal representative title to or right to sue with respect to real estate, the suit cannot be maintained by him unless it is necessary for him to have the rents and profits and dispose of the property for the purpose of paying expenses, legacies, or debts of the decedent. * * *
"* * * * *

"In the absence of a statute or a testamentary provision vesting in the executor or administrator of a decedent the title to or right of possession of the decedent's real estate, no action with reference to such real estate can be brought by his executor or administrator. * * *"
To the same effect, *see* 34 CJS Executors and Administrators 768, § 741 (1942).

[4]For provisions of these statutes *see* note 2, *supra.*

[ 994 ]

Code," which, at that time, was the Third Working Draft of the proposed Uniform Probate Code, dated November 1967.

The Advisory Committee in proposing § 116 (now ORS 114.225) *omitted* the last sentence of § 3-409 of the Proposed Uniform Probate Code, which would have specifically authorized the personal representative of an estate to *"maintain an action to recover possession of any property or to determine the title thereto,"* without regard to its need "for purposes of administration."

Section 3-412 of the proposed Uniform Probate Code was also *omitted* by the Advisory Committee in the proposed 1969 Oregon Probate Code. That section was as follows:

> "Until termination of his appointment *a personal representative has the same power over the title to property of the estate as an absolute owner would have,* in trust however, for the benefit of the creditors and others interested in the estate. This power may be exercised without notice, hearing, or order of court." (Emphasis added)

It is true that the Advisory Committee included in § 127 as subsection (19), now ORS 114.305(19), the following provisions of subsection (17) of § 3-416 of the proposed Uniform Probate Code:

> "Prosecute or defend actions, claims or proceedings in any jurisdiction for the protection of the estate and of the personal representative in the performance of his duties."

But without adoption of the specific powers which would have been conferred upon personal representatives by § 3-409 and § 3-412 of the proposed Uniform Probate Code, this subsection alone is not, in our opinion, sufficient to confer such powers upon personal representatives.[5]

---

[5]This conclusion is consistent with the "handbook" prepared by the Oregon State Bar entitled "Administering Oregon Estates," following

Assuming, as contended by plaintiff, that the deed to the defendant was void and that decedent held title to the property at the time of his death, ORS 114.215 provides, as previously noted, that title to the real property of a decedent vests upon his death in his heirs, in the absence of a will. Although that title is subect to the "right of creditors, administration and sale by the personal representative," it does not follow that this confers upon a personal representative the power to bring a suit to set aside even a void deed except to the extent that such a suit may be necessary to protect the rights of creditors or may be otherwise necessary or appropriate in the administration of the estate. No such facts are alleged in this complaint other than that decedent was a welfare recipient and that the deed would "prevent, hinder and delay" recovery by the state Division of Public Welfare of its claim against the estate.

It is clear from the provisions of ORS 114.435, however, that a suit by the personal representative of an estate to set aside transfers of property needed for payment of the claims of creditors is limited to such suits as are "necessary" for the payment of such claims. Indeed, it is well established by our prior decisions that such suits can only be brought by the personal representative of a decedent's estate when the assets of the estate are insufficient to pay such claims. *Humphreys v. Taylor, supra* at 262. *Cf. Hillman v. Young, supra* at 81. *See also Clark v. Bundy, supra* at 195, and Oregon Probate Law and Practice, *supra* at 85, § 635.

adoption of the 1969 Oregon Probate Code, and as revised April 1972. Thus, in § 23.58, Litigation, it is stated that:

"(e) The personal representative has the *limited right to recover property* transferred by the decedent with intent to defraud his creditors, or *transferred by any means which in law is void* or voidable as against his creditors. ORS 114.435. *The right is limited* because the right to recover that property is granted to the personal representative only *to the extent that such property is necessary for the payment of expenses of administration, funeral expenses, claims and taxes.* Ibid." (Emphasis added)

■ The complaint makes no such allegation. The allegation that decedent was a welfare recipient and that the deed would "prevent, hinder and delay" the welfare division from "recovering its claim," in some unspecified amount, was not sufficient, at least on demurrer prior to trial, as an allegation that the estate was insolvent and that it had no other assets sufficient to satisfy that claim. Neither was any such evidence offered on trial, but only that there was a welfare claim in the sum of $5,524.

Indeed, plaintiff makes no such contention on this appeal, but contends instead that the third count of plaintiff's complaint alleged that decedent was incompetent; that this count was sufficient on demurrer because such a deed to defendant was void, so that the property was owned by decedent at the time of his death; and that plaintiff had "a duty to secure possession of the real property by suit in equity" under the provisions of ORS 114.225 and 114.305(19).

■ We believe, however, these statutes must be construed together with the provisions of ORS 114.215 and 114.435 and that any duty conferred or imposed by ORS 114.225 and 114.305(19) upon plaintiff as the personal representative of the estate of a decedent to "take possession" of estate property or to prosecute a suit "for protection of the estate" must necessarily be limited by the more specific provisions of ORS 114.215 and 114.435.

■ As previously stated, those provisions are to the effect that upon the death of a decedent the title to his real property vests in his heirs (in the absence of a will) subject to "rights of creditors" and "administration," with the result that the personal representative of a decedent's estate has no right or power to file suit to set aside a deed to real property unless the remaining assets of the estate are insufficient to pay the claims of creditors or unless such a suit is otherwise required or appropriate for the purposes of administration of the estate. This is also consistent with the

[ 997 ]

provisions of ORS 114.225 to the effect that a personal representative is not required to take possession of estate property unless in his opinion possession "is reasonably required for purposes of administration." This complaint did not allege facts showing any good reason why possession of this property was "reasonably required for purposes of administration."[6]

It may be suggested that because the heirs of decedent may have had the right to file a suit to set aside the deed to defendant on the ground of incompetence or undue influence, any objection to the complaint in this case was limited to an objection that necessary parties were not joined as plaintiffs or that plaintiff did not have the capacity to sue and that such objections were waived because defendant did not demur on these grounds. Defendant's demurrer on the ground that the complaint did not state a cause of suit against defendant was sufficient, however, because in order to state a cause of suit against a general demurrer the plaintiff must "show in himself" a right to recover. *Service v. Sumpter Valley Ry. Co.,* 88 Or 554, 587-88, 171 Or 202 (1918). *See also Crowder v. Yovovich,* 84 Or 41, 49, 164 P 576 (1917), and *Allen v. Craig,* 102 Or 254, 201 P 1079 (1921). *Cf. Butts v. Purdy,* 63 Or 150, 170-71, 125 P 313, 127 P 25 (1912). Lack of "capacity to sue" has reference to some legal disability of the plaintiff, such as infancy, and not to the fact that the complaint fails to show, on its face, a right of action in the plaintiff. *Crowder v. Yovovich, supra* at 49.

For all of these reasons, we hold that the complaint in this case failed to state facts sufficient to constitute

---

[6]The personal representative of a decedent's estate may also have such an interest in real property of the estate as to entitle him to bring a suit to quiet title to such property. *See Ladd v. Mills,* 44 Or 224, 226, 75 P 141 (1904); *Butts v. Purdy,* 63 Or 150, 170, 125 P 313, 127 P 25 (1912); and *Brown v. Laird et al,* 134 Or 150, 158-59, 291 P 352 (1930). In such a suit, however, it is essential that the complaint allege that such property was "not in the actual possession of another." *Harvey et al v. Getchell et al,* 190 Or 205, 216, 225 P2d 391 (1950). *See also* ORS 105.605. This complaint did not include such an allegation.

a cause of action or suit by the plaintiff as the personal representative of decedent's estate to set aside decedent's deed to defendant on any of the grounds alleged in the complaint. It follows that it was error to overrule defendant's demurrer to the complaint and that the judgment in favor of the plaintiff must be reversed.[7]

---

[7] Because of the basis upon which we decide this case it is not necessary to consider defendant's further contention, by affirmative defense, that the property involved was "exempt" as decedent's homestead and that defendant was entitled to raise that defense.