Argued March 11, reversed April 19, denied May 17, 1977

## LEDFORD, *Appellant,*
### *v.*
## YONKERS, *Respondent—Cross-Appellant.*
### (TC 20976, SC 24430)
562 P2d 970

Jay Edwards, Portland, argued the cause and filed the brief for appellant.

George G. VanNatta, St. Helens, argued the cause and filed the brief for respondent. With him on the brief were VanNatta and Petersen, St. Helens.

Before Denecke, Chief Justice, and Tongue, Bryson, and Davis, Justices.

TONGUE, J.

**TONGUE, J.**

This is a suit by the personal representative of a decedent's estate to set aside a deed made by the decedent to the defendant for alleged undue influence. A demurrer to the complaint was overruled and the case was tried before the court, without a jury.

The trial court, after making findings of fact that there was no undue influence, held that "equity requires" that defendant's "promise to [the decedent] be carried out and accordingly a constructive trust should be established requiring [defendant] to pay the sum of $4,000 to [decedent's] two sons," with a lien against the property until paid.

Plaintiff appeals, assigning as error the finding that "the deed was not the product of undue influence."

Defendant cross-appealed, assigning as error not only that "there was neither pleadings nor evidence to support the $4,000 award," but also that "plaintiff's complaint does not state a cause of action for any relief at all," upon the ground that under Oregon law an executor or administrator of a decedent's estate has no power to file a suit to set aside a deed to real property unless the deed was in fraud of creditors and the property is needed to pay creditors.

In the recent case of *Hendrickson v. Warburton*, 276 Or 989, 557 P2d 224 (1976), we considered this same contention and, after reviewing our previous decisions, as well as the provisions of the 1969 Oregon Probate Code (ORS 114.215, 114.225 and 114.305(19)) and its legislative history, held (at 996):

> "It is clear from the provisions of ORS 114.435, * * * that a suit by the personal representative of an estate to set aside transfers of property needed for payment of the claims of creditors is limited to such suits as are 'necessary' for the payment of such claims. Indeed, it is well established by our prior decisions that such suits can only be brought by the personal representative of a

decedent's estate when the assets of the estate are insufficient to pay such claims. [Citing authorities]"[1]

Plaintiff's complaint, as a suit by the personal representative of a decedent's estate to set aside a deed for undue influence, did not allege that the estate was insolvent and that the property was needed to pay creditors' claims. It follows that because the complaint fails to allege the facts which would give plaintiff the right to file the suit, the trial court erred in overruling defendant's demurrer. In other words, any suit to set aside the deed involved in this case for undue influence must be brought by or on behalf of decedent's two sons. *See Hendrickson v. Warburton, supra* at 993.

For that reason, the decree in this case must be reversed. Because of the basis on which we decide this case, we do not reach the merits of the questions whether the deed to defendant was, or was not, the product of undue influence or whether the pleadings and the evidence supported the award of $4,000 against defendants.

Reversed.

---

[1] In support of this statement we cited the following: *Humphreys v. Taylor,* 5 Or 260, 262 (1874); *Clark v. Bundy,* 29 Or 190, 44 P 282 (1896); *Hillman v. Young,* 64 Or 73, 127 P 793, 129 P 124 (1913); 2 Jaureguy and Love, Oregon Probate Law and Practice 85, § 635 (1958).