Argued and submitted September 28, 1981, reversed and remanded
for trial February 8, reconsideration denied March 11,
petition for review allowed May 11, 1982 (293 Or 146)
See later issue Oregon Reports

RENNIE,
*Appellant - Cross-Respondent,*

*v.*

FREEWAY TRANSPORT et al,
*Respondents - Cross-Appellants.*

(No. A7802-01952, CA 19045)

640 P2d 704

Magar E. Magar, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Marvin S. Nepom, Portland, argued the cause and filed the briefs for respondents - cross-appellants.

Before Buttler, Presiding Judge, Warren, Judge, and Holman, Senior Judge.*

HOLMAN, S. J.

---

\* Holman, S. J., *vice* Warden, J.

## HOLMAN, S. J.

Plaintiff, as administrator of his father's estate, brought an action for fraud, contending that misrepresentations had been made to him as administrator concerning the value of a stock interest which the estate held in Freeway Transport, a closely-held corporation. As the result of these alleged misrepresentations, he contends, he, as administrator, was induced to sell the estate's interest to defendants at a sum which was a mere fraction of its true value. Plaintiff appeals from a summary judgment for defendants.

■ During probate, plaintiff in his individual capacity transferred his interest in his father's estate to his mother and, after completion, the probate of the estate was closed. Thereafter, the son petitioned the probate court that the estate be reopened and that he be reappointed as administrator so the present claim for fraud could be prosecuted. The petition was granted, and plaintiff filed the present litigation. Thereafter, defendants made an appearance in probate court and had plaintiff's appointment set aside on the basis that he was not an "interested person" and had no standing to apply to reopen of the estate under ORS 116.233[1] and ORS 111.005(19).[2] There was no appeal from this ruling. Plaintiff's mother immediately petitioned the probate court to open estate and to reappoint plaintiff as

---

[1] ORS 116.233 provides:

"Upon the petition of any interested person, the court, with such notice as it may prescribe, may order the estate of a decedent reopened if other property is discovered, if any necessary act remains unperformed or for any other proper cause appearing to the court. The court may reappoint the former personal representative, or appoint another personal representative, to administer any additional property or to perform such other acts as are considered necessary. The provisions of law as to original administration apply, in so far [sic] as applicable, to accomplish the purpose for which the estate is reopened, but a claim that already is adjudicated or barred may not be asserted in the reopened administration."

[2] ORS 111.005(19) provides:

" 'Interested person' includes heirs, devisees, children, spouses, creditors and any others having a property right or claim against the estate of a decedent that may be affected by the proceeding. It also includes fiduciaries representing interested persons."

It is doubtful that the probate court's ruling was correct, but no appeal was taken therefrom and that issue cannot be decided. In addition, there is the unraised problem of what standing defendants had in probate court in the first place.

administrator, and this was accomplished. However, the statutory period within which to bring the action elapsed prior to his reappointment on his mother's petition.

Defendants then filed a successful motion for summary judgment, asserting that plaintiff had no cause of action at the time the case was originally filed, because he was not validly appointed the estate's administrator and had no right to any recovery. They contended the reasserting of the claim upon his reappointment on his mother's petition was the commencement of a new action and was time-barred. They say the issue is whether plaintiff had a cause of action at the time the action was filed.

Defendants' position is based on *Richard v. Slate,* 239 Or 164, 396 P2d 900 (1964). In *Richard,* a non-resident of Oregon was killed in an automobile accident in Yamhill County. Richard made application in Multnomah County for letters of administration, which were granted. Thereafter, as administrator, he brought an action against the defendants for wrongful death. His appointment as administrator was then set aside by the Multnomah County court on the basis that the court was without jurisdiction to make the appointment, because the deceased was a non-resident of the state and left no estate in Multnomah County. Richard then made application in Yamhill County for letters of administration, which were granted, and he then filed an amended complaint setting forth his new appointment. Between the time of the issuance of the letters in Multnomah County and the issuance of the letters in Yamhill County, the statutory period within which to bring an action elapsed. The court held that the filing of the amended complaint was a new cause of action and was time-barred.

It is our opinion that the present case can be distinguished from *Richard.* In the first place, the court held in *Richard* that there was no right of action for wrongful death at common law, that the statute creating the action was not a survival statute, and that the two-year period within which to bring the action was not a statute of limitations but an element of the existence of any rights. The court deemed this important, saying that under the statute the personal representative must bring the action

and that this was as much a condition of the right to bring it as that it be commenced within two years. It held that the party bringing an action under the statute must comply with all the conditions contained in the statute before its benefits can be secured. In the present situation, of course, no wrongful death statute was involved.

In addition, the court in *Richard* held that his appointment in Multnomah County was "a complete nullity" and "utterly void." In so saying, the court said "[n]o action could be taken by any court that would validate those proceedings so they could be related back to the commencement of this action." 239 Or at 175. That sounds as if the court was saying that the Multnomah County court had no jurisdiction; in fact, that was the reason given by the trial court in that case for setting aside the original appointment. In the present case, the original appointment was made by a court which had subject matter jurisdiction over decedent's estate and could have granted letters of administration. The court had the authority to and did rectify plaintiff's mistake. In *Richard,* so the court indicated, the court in Multnomah County had no such authority and could never make an appointment, regardless of who applied.

Plaintiff's only debility was lack of capacity to sue. In his first complaint, plaintiff was not purporting to assert a personal claim but, rather, one for the benefit of the estate, which was the identical claim he ultimately asserted after reappointment. Therefore, he was not prosecuting any new or different cause of action when he filed a new complaint after his reappointment. Plaintiff was the very person upon whom the fraud was perpetrated while acting for the estate.

Also, this case does not present a situation which gives rise to the dangers the statute of limitations was meant to prevent. This was not a stale claim of which defendants were unadvised and, therefore, unable to preserve recollections or proof. They were timely advised of the identical claim by the bringing of the first action for the benefit of the estate. A termination in their favor, because of plaintiff's original lack of capacity, would be a triumph of form over substance. We conclude that the subsequent

appointment of plaintiff on his mother's application related back to the original filing of the case. *See Annot.*, 8 ALR2d 6 (1949), and cases there cited for the following proposition:

"Where a person brings an action in his individual name and after the statute of limitations has run amends his action by substituting as party plaintiff his person in the representative capacity of administrator or executor, or vice versa, the statute is not a bar." 8 ALR at 76.

It is our conclusion that *Richard* represents a special situation, not the general rule, and that plaintiff's action was not barred by the statute of limitations.

■ Defendants have cross-appealed from the trial court ruling that they are not entitled to summary judgment on the basis of *res judicata.* Plaintiff filed a case in federal district court against these same defendants under the Securities Exchange Act of 1934, which was tried before a jury and resulted in a verdict for defendants. That litigation involved the same transaction that is in issue here. Defendants' position is that the claim of common law fraud asserted here could have been joined with the one in federal court under the federal doctrine of pendant jurisdiction and, therefore, being a claim which *could have* been litigated, it is barred by the rule of *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975).

It is far from clear whether the federal court would have decided the common law cause of action, because pendant jurisdiction is considered, in most cases, to be discretionary. There are cases which say that, in certain circumstances, federal courts can be guilty of an abuse of discretion in failing to determine a state issue, but there is no unanimity concerning what those circumstances are. There are numerous cases which say that pendant jurisdiction should not be applied where the federal question was decided in a summary manner. *Ron Tonkin Gran Tourismo v. Wakehouse Motors,* 46 Or App 199, 611 P2d 658, *rev den* 289 Or 373 (1980); *see also, generally,* Annot., 5 ALR3d 1040 (1966). The federal issue in this case was not disposed of in a summary manner. However, because of the lack of a uniform application of the rules of pendant jurisdiction and because the plaintiff had no *right* to have his state claim adjudicated in federal court, the better rule would seem to be not to apply *res judicata.*

Defendants also cross-appeal from the trial court's ruling that they could not amend their answer to plead plaintiff's lack of capacity to sue and that plaintiff is not the real party in interest. They also appeal from the trial court's failure to dismiss or, alternatively, to strike plaintiff's third amended complaint on the same bases. These matters have been rendered moot by our determination on the issue of the statute of limitations.

■ In addition, defendants contend the trial court erred in failing to dismiss or, alternatively, to strike plaintiff's complaint on the basis that it fails to state facts sufficient to constitute a claim in plaintiff, as administrator, because it fails to allege that the estate is insolvent, as required by *Ledford v. Yonkers,* 278 Or 37, 562 P2d 970 (1977), and *Hendrickson v. Warburton,* 276 Or 989, 557 P2d 224 (1976). Those cases hold that, because decedent's property descends to his heirs upon death, the authority of the representative of the estate to set aside previous transfers of property by the decedent to third parties is limited to those situations in which the estate needs the transferred property for the payment of claims of creditors or costs of administration. Defendants say this cause of action resides in plaintiff's mother and not in him as administrator. We believe the rule has no application here, because there was no transfer by the decedent and no suit to set aside any transfer. This is an action for damages suffered by the estate because of misrepresentations made to plaintiff, as administrator, acting in behalf of the estate. The fraud, if it existed, was upon the estate.

The judgment of the trial court is reversed, and the case is remanded for trial.