RENNIE,
*Appellant - Cross-Respondent,*

*v.*

POZZI et al,
*Respondents -Cross-Appellants.*

(No. A7803-03703, CA 19044)

640 P2d 708

Magar E. Magar, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Elizabeth K. Reeve, Portland, argued the cause for respondents - cross-appellants. On the brief were Kenneth E. Roberts, Ridgway K. Foley, Jr. and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, Warren, Judge, and Holman, Senior Judge.*

HOLMAN, S. J.

---

\* Holman, S. J., *vice* Warden, J.

## HOLMAN, S. J.

Plaintiff brought an action for legal malpractice against defendants arising out of the probate of an estate in which defendants represented plaintiff in his capacity as administrator. Plaintiff claims defendants were negligent in representing him in the sale of the decedent's interest in a business concern, Freeway Transport, during probate. The trial court granted summary judgment in favor of defendants on the basis of the running of the statute of limitations, and plaintiff appeals. Defendants have cross-appealed from a ruling of the trial court denying them the right to file an amended answer setting up as defenses that plaintiff lacked capacity to sue and was not the real party in interest.

■ ■ This is a companion case to *Rennie v. Freeway Transport*, 55 Or App 1008, 640 P2d 704 (1982), an action for fraud against the purchasers, decided this day. The circumstances, facts and issues surrounding the granting of summary judgment in that case are substantially identical to the ones here, and that decision is, therefore, dispositive of this case. Defendants do make an additional contention in this case that plaintiff did not file an amended complaint setting forth his subsequent valid reappointment as administrator and, therefore, there could be no relation back to the original complaint of this reappointment. Plaintiff alleged he was administrator in his original complaint, and upon his valid reappointment it would relate back without the necessity of any such allegation.[1]

The judgment of the trial court is reversed, and the case is remanded for trial.

---

[1] In the *Freeway Transport* case plaintiff purported to bring the action as administrator but did not formally allege his position as such. Therefore, it was necessary in that case for him to file an amended complaint.