Argued and submitted May 6, 2013, vacated and remanded for further proceedings January 23, 2014

In the Matter of the Estate of
Naida W. Ramey, Deceased.

Eldon Luvern FLAIG,
*Appellant,*

*v.*

Carin Sharlene EMERT,
Personal Representative of the Estate of
Naida W. Ramey, Deceased,
*Respondent.*

Multnomah County Circuit Court
100190040; A149671

320 P3d 586

Brooks F. Cooper argued the cause and filed the briefs for appellant.

Charles A. Kovas argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Duncan, Judge, and Lagesen, Judge.*

LAGESEN, J.

---

* Lagesen, J., *vice* Wollheim, J.

**LAGESEN, J.**

When an estate's personal representative disallows a creditor's claim against the estate, the probate code—specifically, ORS 115.145—gives the creditor two avenues by which to contest the personal representative's decision. The creditor may file an appropriate action against the personal representative in a court of competent jurisdiction or, instead, may file a request for summary determination of the claim in the probate court. In this case, we address a question about the procedures that govern when a creditor opts to pursue summary determination of a disallowed claim: Can the personal representative assert counterclaims in a summary-determination proceeding? We hold that the answer to that question is no. Because the probate court concluded otherwise, we vacate the judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

ORS chapter 115 governs "claims"[1] against estates. It sets forth the procedures by which an estate creditor must present any claim to the personal representative, as well as the procedures by which a creditor can obtain adjudication of the personal representative's disallowance of a claim in whole or in part. Under ORS 115.005, a creditor with a claim against an estate must present the claim to the personal representative within a specified time period. The personal representative may then disallow the claim in whole or in part. ORS 115.135. Upon receiving notice that the personal representative has disallowed a claim in whole or in part, the claimant then has two potential avenues for challenging the personal representative's decision in court. One option is to "[c]ommence a separate action against the personal representative on the claim in any court of competent jurisdiction." ORS 115.145(1)(b). The other option is to file a request for summary determination of the claim by the probate court in the estate proceeding. ORS 115.145(1)(a).

When a claimant chooses to pursue summary determination, the personal representative can veto that choice. Under ORS 115.155, the personal representative "may notify

---

[1] Under the probate code, "'[c]laim' includes liabilities of a decedent, whether arising in contract, tort or otherwise." ORS 111.005(7).

the claimant in writing that if the claimant desires to prove the claim the claimant must commence a separate action against the personal representative within 60 days after the date of receipt of such notice." The claimant then must comply with that demand, or the claimant's claim "to the extent disallowed by the personal representative, is barred." *Id.* If the personal representative does not elect to force the creditor to bring a separate action, then the personal representative must respond to the claim in the summary-determination proceeding in probate court by "mov[ing] or plead[ing] to the claim as though the claim were a complaint filed in an action." ORS 115.165(1). The probate court then must "hear the matter without a jury, * * * determine the claim in a summary manner and * * * make an order allowing or disallowing the claim in whole or in part." ORS 115.165(2). The probate court's order on summary determination is not appealable. ORS 115.165(3).

In this case, claimant Eldon Flaig, the son of decedent Naida Ramey, timely made a claim against the estate for $8,136.20. The claim was for expenses that claimant had paid on behalf of decedent. The personal representative disallowed the claim. Claimant then filed a request for summary determination of the claim in the probate court. In response, the personal representative filed an "Answer and Counterclaim." In it, the personal representative denied the claim and asserted a counterclaim. The personal representative alleged that claimant had received $30,000 in insurance proceeds belonging to the estate, "and has not responded to the personal representative's request for an accounting." The personal representative requested entry of judgment declaring "that the $30,000 [insurance] proceeds is property of the estate," and ordering "[c]laimant to provide an accounting of the $30,000 [insurance] proceeds[.]"

Claimant moved to dismiss or strike the counterclaim. Claimant asserted that the probate code does not authorize counterclaims by a personal representative in a summary-determination proceeding under ORS chapter 115, and that the counterclaim should be stricken or dismissed on that basis. Claimant argued, among other things, that he wanted a jury trial on the counterclaim, and to retain the

other procedural rights that would otherwise be available to claimant on the counterclaim, but would not be available in a summary-determination proceeding. In the alternative, claimant asserted that *Hendrickson v. Warburton*, 276 Or 989, 557 P2d 224 (1976), and *Ledford v. Yonkers*, 278 Or 37, 562 P2d 970 (1977), required dismissal of the counterclaim, because the personal representative did not allege that the estate was insolvent.

The probate court denied the motion. It ruled that the probate code permitted the personal representative to assert counterclaims in a proceeding for summary determination. The court then summarily determined both the claim and the counterclaim following a hearing at which the court heard testimony from several witnesses. At the close of the hearing, the court ruled that *Hendrickson* and *Ledford* did not bar the counterclaim, because the personal representative sought only a determination that the insurance proceeds were estate property, and was not seeking to set aside a transfer of estate property. The court then allowed the claim in part, for $7,273.39. On the counterclaim, the court declared that the $30,000 insurance proceeds were estate property and that claimant held those proceeds under a power of attorney; it ordered claimant to return the proceeds to the estate. Thereafter, the probate court entered a general judgment approving the estate's final accounting and authorizing final distribution of the estate. The judgment contained a money judgment against claimant for $22,726.61—the $30,000 that the court had ordered claimant to return to the estate, less the amount of the allowed claim.

Claimant timely appealed. On appeal, he asserts that the judgment must be reversed either for the reason that the probate code does not authorize counterclaims by the personal representative in summary-determination proceedings or for the reason that *Hendrickson* and *Ledford* barred the personal representative's counterclaim.

## II. JURISDICTION

As a threshold matter, we must address whether we have jurisdiction over this appeal. Although the judgment below otherwise meets the criteria for our exercise of

appellate jurisdiction pursuant to ORS 19.205, the personal representative contends that ORS 115.165(3) precludes jurisdiction. We disagree.

ORS 115.165 states:

"In a proceeding for summary determination by the probate court of a claim disallowed in whole or in part by the personal representative:

"(1) The personal representative shall move or plead to the claim as though the claim were a complaint filed in an action.

"(2) The court shall hear the matter without a jury, after notice to the claimant and personal representative. Upon the hearing the court shall determine the claim in a summary manner and shall make an order allowing or disallowing the claim in whole or in part.

"(3) No appeal may be taken from the order of the court made upon the summary determination."

By its terms, the statute bars appeal solely from one type of order: "*the* order of the court made upon *the* summary determination." ORS 115.165(3) (emphases added). Viewed in context, it is apparent that "the" order on summary determination to which ORS 115.165(3) refers is the order described by ORS 115.165(2): the order "allowing or disallowing the claim in whole or in part" that the probate court must enter upon summarily determining a claim that the personal representative previously disallowed. In other words, the statute bars appeals from a probate court order summarily determining a creditor's disallowed claim against an estate. It does not bar appeals from other types of orders or judgments.

Here, claimant is not appealing from the probate court's order allowing his claim in part on summary determination. That is, claimant is not appealing from the probate court's order summarily determining that he was entitled only to $7,273.39 of the total amount that he claimed against the estate. Instead, claimant is appealing from something else: the general judgment approving the estate's final account and authorizing final distribution and the money judgment against claimant. That judgment is appealable, and the probate court's denial of the motion

to strike is reviewable under ORS 19.425. ORS 116.113(4); ORS 19.205(1); ORS 19.425. Consequently, ORS 115.165(3) does not bar this appeal.[2]

## III. STANDARDS OF REVIEW

In reviewing the probate court's ruling on the motion to dismiss or strike the counterclaim, we review for legal error the court's determination that the probate code authorizes a personal representative to assert a counterclaim in a proceeding for summary determination under ORS chapter 115. *State v. Rogers*, 330 Or 282, 312 n 8, 4 P3d 1261 (2000) ("[A]ppellate courts review questions of law anew without deference to trial courts."). We also review for legal error the probate court's determination that *Hendrickson* and *Ledford* do not bar the personal representative's counterclaim. *Rennie v. Freeway Transport*, 55 Or App 1008, 1014, 640 P2d 704, *rev'd on other grounds*, 294 Or 319, 656 P2d 919 (1982).

## IV. ANALYSIS

A. Hendrickson *and* Ledford *do not bar the counterclaim.*

We first address—and reject—claimant's contention that *Hendrickson* and *Ledford* required the probate court to dismiss the counterclaim. Those cases stand for the proposition that the probate code bars a personal representative from filing suit to set aside a transfer of property "unless the remaining assets of the estate are insufficient to pay the claims of creditors or unless such a suit is otherwise required or appropriate for the purposes of administration of the estate." *Hendrickson*, 276 Or at 997. However, as we have already recognized, those cases have no application where the personal representative is not suing to set aside a transfer of the decedent's property. *Rennie*, 55 Or App at 1014. Here, as pleaded, the counterclaim did not seek to set aside a transfer of estate property; it sought a determination of whether certain funds held by claimant are estate property and, if so, an accounting of those funds. Therefore,

---

[2] The personal representative previously raised the issue of whether ORS 115.165 bars jurisdiction over this appeal in a motion to dismiss. The Appellate Commissioner denied that motion. Our reasoning on the issue tracks that of the Commissioner.

the probate court correctly concluded that *Hendrickson* and *Ledford* did not require the dismissal of the counterclaim.

B.  *The legislature did not authorize summary determination of counterclaims in proceedings under ORS 115.145 and ORS 115.165.*

We turn to the primary question presented by this appeal: Did the legislature intend to permit counterclaims by the personal representative in proceedings for summary determination under ORS 115.145 and ORS 115.165? The text, context, and legislative history of those provisions demonstrate that it did not. *See Halperin v. Pitts*, 352 Or 482, 486, 287 P3d 1069 (2012) (explaining the methodology for discerning the legislature's intent in enacting a statute).

To start, ORS 115.145 and ORS 115.165 do not, by their terms, state that counterclaims by the personal representative are a component of the summary-determination procedure authorized by those provisions.[3] That is significant

---

[3]  ORS 115.145 provides,

"(1) If the personal representative disallows a claim in whole or in part, the claimant, within 30 days after the date of mailing or delivery of the notice of disallowance may either:

"(a) File in the estate proceeding a request for summary determination of the claim by the probate court, with proof of service of a copy of the request upon the personal representative or the attorney of the personal representative; or

"(b) Commence a separate action against the personal representative on the claim in any court of competent jurisdiction. The action shall proceed and be tried as any other action.

"(2) If the claimant fails to either request a summary determination or commence a separate action as provided in subsection (1) of this section, the claim, to the extent disallowed by the personal representative is barred.

"(3) In a proceeding for summary determination of a claim or in a separate action on a claim the claim shall be allowed or judgment entered on the claim in the full amount of the liability, if any, of the decedent to the claimant. However, the claim shall be paid only to the extent of the assets of the estate allocable to the payment of the claim pursuant to ORS 115.115 and 115.125."

ORS 115.165 provides,

"In a proceeding for summary determination by the probate court of a claim disallowed in whole or in part by the personal representative:

"(1) The personal representative shall move or plead to the claim as though the claim were a complaint filed in an action.

"(2) The court shall hear the matter without a jury, after notice to the claimant and personal representative. Upon the hearing the court shall

because, as the Supreme Court has recognized, the legislature knows how to expressly authorize counterclaims when it intends to permit them in summary proceedings created by statute. *Class v. Carter*, 293 Or 147, 153-54, 645 P2d 536 (1982) (conclusion that legislature did not intend to authorize counterclaims in commercial forcible entry and detainer (FED) proceedings—which are summary proceedings—was "bolstered by the fact that when the legislature intended that counterclaims be assertable in FED actions, it specifically provided for them").[4]

Moreover, apart from not mentioning counterclaims, ORS 115.145 and ORS 115.165 refer exclusively to the summary determination of claims disallowed by the personal representative; the statutes do not refer to the summary determination of any other type of dispute. ORS 115.145(1)(a) states that "[i]f the personal representative disallows a claim in whole or in part," then the claimant may "[f]ile in the estate proceeding a request for summary determination of *the* claim." (Emphasis added.) In describing the summary-determination procedure, ORS 115.165 continues the focus on claims disallowed by the personal representative. It denominates the proceeding permitted by ORS 115.145 as "a proceeding for summary determination by the probate court of *a claim* disallowed in whole or in part by the personal representative," and specifies that the result of such a proceeding is to be an "order allowing or disallowing *the claim* in whole or in part." ORS 115.165 (emphases added). ORS 115.165(1) provides that the personal representative "shall move or plead to *the claim as though the claim* were a complaint filed in an action." (Emphasis added.) ORS 115.165(2) states that, after a hearing, "the court shall determine *the claim* in a summary manner[.]" (Emphasis added.) That singular concentration on one specified type of claim supports the inference that the legislature intended

determine the claim in a summary manner and shall make an order allowing or disallowing the claim in whole or in part.

"(3) No appeal may be taken from the order of the court made upon the summary determination."

[4] After the Supreme Court decided *Class*, the legislature amended the FED statutes to codify its holding: "No person named as a defendant in an action brought under [the FED statutes] may assert a counterclaim unless the right to do so is otherwise provided by statute." Or Laws 1985, ch 244, § 2.

to restrict the scope of summary-determination proceedings to the resolution of "claims disallowed in whole or in part by the personal representative," and did not intend to authorize counterclaims by a personal representative.

The other provisions regarding summary determination in ORS chapter 115 strengthen that inference. Each refers to summary determination of "a *claim*" or "the *claim*." ORS 115.155; ORS 115.175 (emphases added). A "claim" under the probate code generally means a "liabilit[y] of the decedent." ORS 111.005(7); *see generally* ORS ch 115 (governing "claims" against an estate). By referring solely to the summary determination of "claims"—and by omitting references to the summary determination of other matters—the legislature further evidenced its intent to restrict the scope of summary-determination proceedings to the resolution of the liabilities of the decedent to others, a scope that does not include the determination of others' liabilities to the decedent (which would be the subject matter of any counterclaim by a personal representative).

ORS 115.155 is probative of the legislature's intent for an additional reason. It provides that the personal representative may force a claimant who has requested summary determination of a disallowed claim to instead file an action on the claim. ORS 115.155. That suggests that the legislature intended for a personal representative who deems a particular dispute with an estate creditor to be too complex for summary determination to force the adjudication of the dispute by way of an action or other appropriate means, rather than by asserting counterclaims or otherwise complicating the summary-determination process.

The balance of the probate code reinforces the conclusion that the legislature did not intend to permit summary determination of counterclaims asserted by a personal representative. Notably, the probate code is devoid of other references to a summary-determination process in probate court. ORS chapter 111, which governs probate jurisdiction, does not state that the probate court generally has the power to summarily determine matters within its jurisdiction; rather, the probate court's powers are coextensive

with the powers of the circuit court: "The general legal and equitable powers of a circuit court are applicable to effectuate the jurisdiction of a probate court[.]" ORS 111.095(1). Additionally, although ORS 114.305(19) and (20) empower the personal representative to prosecute "claims of the decedent" and "actions, claims or proceedings * * * for the protection of the estate," those provisions do not, by their terms, arm the personal representative with the ability to compel summary determination of a dispute between the estate and a third party, or purport to create some form of summary proceeding. *See* ORS 114.305 (setting forth powers of the personal representative).

The legislature's silence regarding summary determination of claims, actions, or proceedings initiated by the personal representative on behalf of the estate—by way of counterclaim or otherwise—indicates that the legislature did not intend to authorize summary determination of those matters. The procedure established by ORS 115.165 eliminates any right to a jury trial, as well as any right to appeal. ORS 115.165(2) - (3). The summary-determination procedure also may foreclose discovery, because it mandates that the probate court hear and determine the claim in a "summary manner" upon notifying the claimant and the personal representative of the hearing. ORS 115.165(2). Given the potential importance of those significant procedural protections to a party defending against a personal representative's allegations, we decline to infer that the legislature intended to eliminate them without saying so explicitly.

Notwithstanding those textual and contextual indicia of legislative intent, the personal representative argues that context demonstrates that the legislature did intend to authorize counterclaims in summary-determination proceedings. Specifically, she asserts that ORS 115.165(1) authorizes the summary determination of counterclaims by the personal representative. She notes that ORS 115.165(1) states that "[t]he personal representative shall move or plead to the claim as though the claim were a complaint filed in an action," and asserts that that reference to procedure indicates the legislature's intent to allow counterclaims in a summary-determination proceeding, in view of the fact that

the rules of pleading procedure permit a defendant to assert counterclaims when answering a complaint.[5]

For two reasons, we are not persuaded that the legislature's reference to pleading procedure in ORS 115.165(1) evidences an intent to authorize the assertion and adjudication of counterclaims in a summary-determination proceeding. First, as earlier noted, ORS 115.165(1) specifically refers to the personal representative's *moving or pleading to the claim*. However, ORS 115.165 does not, by its terms, state that a claimant may file a responsive pleading (or a response to a motion) once the personal representative has moved or pleaded to the claim. Had the legislature intended to permit the personal representative to assert counterclaims in summary-determination proceedings, we believe that it also would have provided specifically for a reply by the claimant in response to any counterclaim asserted. *See former* ORS 16.240 (1967), *repealed by* Or Laws 1979, ch 284, § 199 (authorizing a plaintiff to reply to counterclaims or other "new matter" contained in an answer).

Second, as noted, the summary-determination process eliminates significant procedural protections to which a counterclaim defendant might otherwise be entitled. If the legislature had intended to eliminate those protections for potential counterclaim defendants, we think that it would have done so expressly, not through an oblique reference to pleading procedure.

---

[5] The personal representative relies on ORCP 19 and ORCP 22 for this proposition. However, the legislature enacted ORS 115.165 in 1969, before the legislature abolished the distinction between law and equity. *See* ORS 174.590 (acknowledging the abolition of the distinction between law and equity resulting from the adoption of ORCP 2). Because, at that time, "action" was a term of art referring to actions at law, we look also to the procedural statutes in effect at that time, in order to assess whether the legislature's reference to an "action" bears on our analysis. *Nibler v. Dept. of Transportation*, 338 Or 19, 24, 105 P3d 360 (2005) ("[T]he statutory context of references to 'actions' and 'suits' has particular importance in discerning the legislature's intent in using those terms."). Those provisions are *former* ORS 16.290(b) (1967), *repealed by* Or Laws 1979, ch 284, § 199 (describing answers); *former* ORS 16.300 (1967), *repealed by* Or Laws 1975, ch 158, § 6 (identifying permissible counterclaims in actions); *former* ORS 16.310, *repealed by* Or Laws 1975, ch 158, § 6 (identifying permissible counterclaims in suits). Ultimately, pleading procedures then and now authorized the assertion of counterclaims in answers and we need not determine whether the reference to pleading procedure in ORS 115.165 should be construed to refer to the Oregon Rules of Civil Procedure, in the light of ORCP 2 and ORS 174.590, or should, instead, be construed to refer to the procedures in *former* ORS 16.290(b).

Finally, the legislative history of ORS 115.145 and ORS 115.165 furnishes additional support for our reading of those provisions. The discussions in the Senate Judiciary Committee regarding the proposed ORS 115.145 and ORS 115.165 centered on the need for simplifying the procedures by which an estate creditor could challenge the personal representative's disallowance of a claim. Minutes, Senate Judiciary Committee, SB 506 (Probate Code), Feb 3, 1969, Ex 2 at 3. The pertinent commentary to the Proposed Oregon Probate Code indicates the same objective: "Section 156 is similar in content to [former] ORS 116.530, except that guidelines are provided for the procedure involved. * * * This provision was put in so that the present duplicate procedure[6] on contesting rejected claims would be eliminated under the proposed code." Commentary to Advisory Committee on Probate Law Revision Proposed Oregon Probate Code, Preliminary Draft § 156, 153 (1968). That history indicates that the legislative purpose in enacting ORS 115.145 and ORS 115.165 was to streamline the process for contesting the personal representative's rejection of a creditor's claim. That purpose weighs against the conclusion that a personal representative can assert counterclaims in summary-determination proceedings, because permitting counterclaims would result in the summary determination of categories of disputes beyond those expressly contemplated by the legislature, and would complicate the summary-determination process, in contravention of the legislature's intent to simplify it. *See Class*, 293 Or at 151 (noting that if counterclaims were permitted in FED actions, "the object the legislature had in view—summary determination of possessory disputes—would be frustrated").

Accordingly, based on our review of the text, context, and legislative history of ORS 115.145 and ORS 115.165, we hold that ORS 115.165 does not permit counterclaims in a proceeding for summary determination under ORS 115.145. The probate court therefore erred when it declined to strike the counterclaim and, instead, proceeded to summarily determine the counterclaim.

---

[6] Under the prior probate code, either party could seek to have the matter tried anew as an action or suit if the party was dissatisfied with the probate court's ruling on summary determination of a disallowed claim by a creditor. *Former* ORS 116.540 (1967), *repealed by* Or Laws 1969, ch 591, § 305.

## V. CONCLUSION

ORS 115.145 and ORS 115.165 do not authorize the summary determination of counterclaims by a personal representative. The probate court therefore erred by summarily determining the counterclaim.[7] We vacate and remand for further proceedings consistent with this opinion.

Vacated and remanded for further proceedings.

---

[7] Although we conclude that the probate court erred by summarily determining the counterclaim, we express no opinion on whether claimant otherwise would have a right to a jury trial on the personal representative's request for a determination that the insurance proceeds are estate property, and for an accounting for those proceeds. The law in that regard has been evolving. *See Foster v. Miramontes*, 352 Or 401, 287 P3d 1045 (2012) (setting forth methodology for determining whether a party is entitled to a jury trial in a civil matter).